

Thomas P. Mazzucco (tmazzucco@mpbf.com) – CA Bar No. 139758
Aaron K. McClellan (amcclellan@mpbf.com) – CA Bar No. 197185
Bryan L. P. Saalfeld (bsaalfeld@mpbf.com) – CA Bar No. 243534
Nicholas C. Larson (nlarson@mpbf.com) – CA Bar No. 275870
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:    (415) 788-1900
Fax:    (415) 393-8087

Geoffrey Potter (gpotter@pbwt.com) – (to be admitted *pro hac vice*)
Christos G. Yatrakis (cyatrakis@pbwt.com) – (to be admitted *pro hac vice*)
Jonah M. Knobler (jknobler@pbwt.com) – (to be admitted *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone:    (212) 336-2000
Fax:    (212) 336-2222

SEALED
BY COURT ORDER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

WHA

| | |
|---|---|
| INNOVATION VENTURES, LLC and LIVING ESSENTIALS, LLC, | Case No. 12 5523 |
| Plaintiffs, | |
| -against- | |
| PITTSBURG WHOLESALE GROCERS, INC., d/b/a PITCO FOODS; PACIFIC GROSERVICE, INC. d/b/a PITCO FOODS; ARISTOTLE PERICLES NAVAB; DAVID LUTTWAY; SANTA MONICA DISTRIBUTING, INC.; MANOUCHEHR HEIKALI, a.k.a. DAVID HEIKALI; AZIZ HEIKALI, a.k.a. ED HEIKALI; ELITE WHOLESALE, INC.; TONIC WHOLESALE, INC. d/b/a ACE WHOLESALE; KOAMEX GENERAL WHOLESALE, INC.; YOUNG H. KIM, a.k.a. YONG HWAM KIM; DAPAN USA CORP. d/b/a FRONTIER WHOLESALE; SUNG KEUN LEE; DAN-DEE COMPANY, INC.; FADI ATTIQ; KEVIN ATTIQ; and JOHN DOES 1-10, | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116** |
| Defendants. | |

COMPLAINT

1    Plaintiffs Innovation Ventures, LLC and Living Essentials, LLC (together, "Living

2    Essentials" or "Plaintiffs"), by and through their attorneys, Murphy Pearson Bradley & Feeney,

3    for their complaint against Defendants Pittsburg Wholesale Grocers, Inc. d/b/a Pitco Foods;

4    Pacific Groservice, Inc. d/b/a Pitco Foods; Aristotle Pericles Navab; David Luttway; Santa

5    Monica Distributing, Inc.; Manouchehr Heikali, a.k.a. David Heikali; Aziz Heikali, a.k.a. Ed

6    Heikali; Elite Wholesale, Inc.; Tonic Wholesale, Inc. d/b/a Ace Wholesale; Koamex General

7    Wholesale, Inc.; Young H. Kim a.k.a. Yong Hwam Kim; Dapan USA Corp. d/b/a Frontier

8    Wholesale; Sung Keun Lee; Dan-Dee Company, Inc.; Fadi Attiq; Kevin Attiq; and John Does 1-

9    10 (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

11    1.    This is an anti-counterfeiting action against those who manufacture,

12   distribute and sell counterfeits of Living Essentials' 5-Hour ENERGY®, the world's best-selling

13   energy dietary supplement. With annual retail sales in excess of $1 billion, 5-Hour ENERGY® is

14   used regularly by millions of consumers. Those consumers are being exposed to unlawful,

15   misbranded counterfeits being sold nationwide, including in this District.

16    2.    The counterfeiters have carefully and faithfully reproduced the authentic

17   packaging, along with accurate depictions of Living Essentials' trademarks and copyrighted text.

18   Only with a close and meticulous inspection can the counterfeit bottles and packaging be

19   distinguished from the authentic.

20    3.    However, the liquid dietary supplement held within the counterfeit bottles

21   can easily be distinguished from the authentic by its unpleasant odor, taste and color. Consumers

22   have complained, and laboratory analysis has proved, that the counterfeits are made from a

23   different recipe that lacks essential ingredients. Moreover, the conditions under which the

24   criminal counterfeiters manufactured their product and the ingredients they used are unknown.

25    4.    To put an end to this potentially dangerous conduct, and to recover the

26   damages caused by it, Living Essentials now brings this anti-counterfeiting action for injunctive

27   and monetary relief for trademark infringement in violation of Section 32 of the Lanham Act (15

28   U.S.C. § 1114); false descriptions and false designations of origin in commerce in violation of

-2-                                              COMPLAINT

5682906v.6

1 Section 43 of the Lanham Act (15 U.S.C. § 1125); trademark dilution in violation of Section 43

2 of the Lanham Act (15 U.S.C. § 1125); contributory trademark infringement; violation of the

3 Copyright Act of 1976 (17 U.S.C. § 106); false advertising under Cal. Bus. & Prof. Code §

4 17500; unfair competition under Cal. Bus. & Prof. Code § 17200; and common-law unfair

5 competition and unjust enrichment under California law.

6
## THE PARTIES

7      5.     Plaintiff Innovation Ventures, LLC ("Innovation Ventures") is a Michigan

8 limited-liability company, with its principal place of business at 38955 Hills Tech Drive,

9 Farmington Hills, Michigan 48331. Innovation Ventures is the owner of the 5-Hour ENERGY®

10 trademark, copyright and trade dress described below.

11      6.     Plaintiff Living Essentials, LLC is a wholly-owned subsidiary of

12 Innovation Ventures and distributes the 5-Hour ENERGY® product, with its principal place of

13 business at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

14      7.     Plaintiffs are collectively referred to herein as "Living Essentials."

15      8.     On information and belief, Defendant Pittsburg Wholesale Grocers, Inc.

16 d/b/a Pitco Foods is a California corporation with its principal place of business at 567 Cinnabar

17 Street, San Jose, California 95110.

18      9.     On information and belief, Defendant Pacific Groservice, Inc. d/b/a Pitco

19 Foods is a California corporation with its principal place of business at 567 Cinnabar Street, San

20 Jose, California 95110.

21      10.     On information and belief, Defendants Pittsburg Wholesale Grocers, Inc.

22 d/b/a Pitco Foods and Pacific Groservice, Inc. d/b/a Pitco Foods hold themselves out as, and do

23 business as, a single entity named "Pitco Foods"; share the same officers; and do not observe

24 corporate formalities. Accordingly, they are alter egos of one another and are liable for one

25 another's unlawful conduct.

26      11.     On information and belief, Defendants Aristotle Pericles Navab and David

27 Luttway are the principals of Defendants Pittsburg Wholesale Grocers, Inc. d/b/a Pitco Foods and

28 Pacific Groservice, Inc. d/b/a Pitco Foods, and in that capacity, operate and control Defendants

-3-             COMPLAINT

1   Pittsburg Wholesale Grocers, Inc. d/b/a Pitco Foods and Pacific Groservice, Inc. d/b/a Pitco

2   Foods.

3       12.     On information and belief, Defendant Santa Monica Distributing, Inc. is a

4   California corporation with its principal place of business at 3180 Olympic Boulevard, Santa

5   Monica, California 90404.

6       13.     On information and belief, Defendants Manouchehr Heikali, a.k.a. David

7   Heikali, and Aziz Heikali, a.k.a. Ed Heikali, are the owners and principals of Defendant Santa

8   Monica Distributing, Inc., and in that capacity, operate and control Defendant Santa Monica

9   Distributing, Inc.

10      14.     On information and belief, Defendant Elite Wholesale, Inc. is a California

11  corporation with its principal place of business at 12323 Sherman Way, North Hollywood,

12  California 91605.

13      15.     On information and belief, Defendant Tonic Wholesale, Inc. d/b/a Ace

14  Wholesale is a California corporation with its principal place of business at 1675 South Alameda

15  Street, Los Angeles, California 90021.

16      16.     On information and belief, Defendant Koamex General Wholesale, Inc. is a

17  California corporation with its principal place of business at 18695 East San Jose Avenue, City of

18  Industry, California 91748.

19      17.     On information and belief, Defendant Koamex General Wholesale, Inc.

20  supplies Defendant Elite Wholesale, Inc. and Defendant Tonic Wholesale, Inc. d/b/a Ace

21  Wholesale, Inc. with their inventory.

22      18.     On information and belief, Defendants Koamex General Wholesale, Inc.,

23  Elite Wholesale, Inc., and Tonic Wholesale, Inc. d/b/a Ace Wholesale, Inc. have the same

24  ownership, do not observe corporate formalities, and are therefore alter egos of one another and

25  liable for one another's unlawful conduct.

26      19.     On information and belief, Defendant Young H. Kim, a.k.a. Yong Hwam

27  Kim is the owner and principal of Defendant Koamex General Wholesale, Inc., and in that

28  capacity, operates and controls Defendant Koamex General Wholesale, Inc. and its alter-egos,

- 4 -                                           COMPLAINT

1   Elite Wholesale, Inc. and Tonic Wholesale, Inc. d/b/a Ace Wholesale.

2          20.   On information and belief, Defendant Dan-Dee Company, Inc. is a

3   California corporation with its principal place of business at 3511 Sweetwater Springs Boulevard,

4   Spring Valley, California 91978.

5          21.   On information and belief, Defendant Fadi Attiq and Defendant Kevin

6   Attiq are the principals and owners of Defendant Dan-Dee Company, Inc., and in that capacity,

7   operate and control Defendant Dan-Dee Company, Inc.

8          22.   On information and belief, Defendant Dapan USA Corp. d/b/a Frontier

9   Wholesale is a California corporation with its principal places of business at 1725 Wood Place,

10   Ventura, California 93003 and 17300 Signature Drive, Granada Hill, California 91344.

11          23.   On information and belief, Defendant Sung Keun Lee is the principal of

12   Defendant Dapan USA Corp. d/b/a Frontier Wholesale, and in that capacity, operates and controls

13   Defendant Dapan USA Corp. d/b/a Frontier Wholesale.

14          24.   On information and belief, Defendants John Does 1-10 are other persons or

15   entities involved in the manufacture, marketing, distribution and/or sale of counterfeit 5-Hour

16   ENERGY® whose identities are presently unknown.

17                        **JURISDICTION AND VENUE**

18          25.   This Court has subject matter jurisdiction over this action pursuant to 15

19   U.S.C. §§ 1121(a), 1331, 1338, 1367, and general principles of ancillary and pendent jurisdiction.

20          26.   The Court has personal jurisdiction over each of the Defendants because

21   each Defendant has had continuous, systematic, and substantial contacts with the State of

22   California, including doing business in California and having a place of business within

23   California.

24          27.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)

25   because a substantial part of the events giving rise to Living Essentials' claims occurred in this

26   district.

27

28

-5-                     COMPLAINT

1

## FACTUAL ALLEGATIONS

2

### The 5-Hour ENERGY® Product

3      28.     Since 2004, Living Essentials has owned, manufactured, and distributed a

4   dietary supplement called 5-Hour ENERGY®, which is sold as a liquid in 1.93-ounce bottles at

5   more than 100,000 retail locations in the United States. 5-Hour ENERGY® is formulated from a

6   proprietary recipe of vitamins and amino acids.

7      29.     Millions of people use this best-selling dietary supplement to boost their

8   energy. On the average, more than 9 million bottles of 5-Hour ENERGY® are sold each week.

9   Total annual retail sales are in excess of one billion dollars. To date, a total of over 1.5 billion

10   bottles of 5-Hour ENERGY® have been manufactured and sold by Living Essentials.

11      30.     All authentic 5-Hour ENERGY® is manufactured, under strict quality

12   control, according to a specific and consistent formula at two factories located in Wabash,

13   Indiana. These state-of-the-art facilities are owned and operated by Living Essentials and

14   regulated by the United States Food and Drug Administration ("FDA") and subject to FDA

15   inspection and current Good Manufacturing Practices.

16      31.     Authentic 5-Hour ENERGY® is manufactured and sold in several

17   varieties, including Berry flavor, Orange flavor, and Extra-Strength Berry flavor.

18

### Living Essentials' Protected Intellectual Property

19      32.     For use with 5-Hour ENERGY®, Living Essentials is the owner of a well-

20   established family of famous trademarks including, among others, the following registered

21   trademarks that appear on the packaging for genuine 5-Hour ENERGY® (collectively referred to

22   herein as the "5-Hour ENERGY Marks"):

23
          a. Living Essentials' "5 HOUR ENERGY" trademark was registered on

24               the Supplemental Register of the United States Patent and Trademark
            Office on September 27, 2005 as U.S. Registration No. 3,003,077;

25
          b. Living Essentials' "5-Hour ENERGY" trademark was registered on the

26               Principal Register of the United States Patent and Trademark Office on
            August 2, 2011 as U.S. Registration No. 4,004,225;

27

28

-6-                                                       COMPLAINT

5682906v.6

1

2   c.   Living Essentials' **5-hour ENERGY** trademark was registered on the
    Principal Register of the United States Patent and Trademark Office on
3   February 28, 2012 as U.S. Registration No. 4,104,670;

4

5

6   d.   Living Essentials' [EXTRA] trademark, which includes the wording "5-
7   Hour ENERGY" in black outlined in yellow, below which are the
    words "EXTRA STRENGTH" in yellow, along with a person in black
8   silhouette, outlined in yellow, shown in an athletic pose adjacent to an
    uneven landscape, with the sky depicted in transitioning colors from
9   black to red as the sky meets the landscape, was registered on the
    Principal Register of the United States Patent and Trademark Office on
10  March 27, 2012 as U.S. Registration No. 4,116,951;

11

12

13  e.   Living Essentials' trademark, commonly referred to as
14  "Running Man," was registered on the Principal Register of the United
    States Patent and Trademark Office on October 20, 2009 as U.S.
15  Registration No. 3,698,044; and

16

17

18  f.   Living Essentials' trademark, which includes the wording
19  "5-Hour ENERGY" in black outlined in yellow, along with a person in
    black silhouette, outlined in yellow, shown in an athletic pose adjacent
20  to an uneven landscape, with the sky depicted in transitioning colors
    from red to yellow as the sky meets the landscape, was registered on
21  the Principal Register of the United States Patent and Trademark Office
    on September 17, 2010 as U.S. Registration No. 4,120,360.

22
    33.    True and correct copies of the registrations for the 5-Hour ENERGY Marks
23
    are attached hereto as **Exhibit 1**.
24
    34.    Living Essentials has used and is currently using the 5-Hour ENERGY
25
    Marks in commerce and in connection with its sale of 5-Hour ENERGY®, and plans to continue
26
    such use in the future.
27
    35.    Living Essentials owns United States Copyright Registration Number TX
28
    6-833-514 for the "Caution" label used on the 5-Hour ENERGY® bottle (the "5-Hour ENERGY

    - 7 -                                                                    COMPLAINT

5682906v.6

1  Copyright"). A true and correct copy of the United States Copyright Registration Certificate is

2  attached hereto as **Exhibit 2**. The copyrighted work reads as follows:

3     CAUTION: Contains about as much caffeine as a cup of coffee.
   Limit caffeine products to avoid nervousness, sleeplessness, and

4     occasionally rapid heartbeat. You may experience a Niacin Flush
   (hot feeling, skin redness) that lasts a few minutes. This is caused

5     by Niacin (Vitamin B3) increasing blood flow near the skin.

6    36. Living Essentials has used and is currently using the 5-Hour ENERGY

7  Copyright in commerce and in connection with its sale of 5-Hour ENERGY®, and plans to

8  continue such use in the future.

9    37. Living Essentials uses distinctive packaging (the "5-Hour ENERGY Trade

10  Dress") to distinguish its 5-Hour ENERGY® products in the marketplace. Living Essentials is

11  the owner of the 5-Hour ENERGY Trade Dress, which consists of, but is not limited to, the

12  packaging illustrated below:



22    38. Living Essentials has used the distinctive packaging pictured on the left,

23  above, since as early as 2004 and through the present date. Living Essentials has used the

24  distinctive packaging pictured on the right, above, since as early as 2008 and through the present

25  date. Living Essentials is currently using the 5-Hour ENERGY Trade Dress in commerce and in

26  connection with its sale of 5-Hour ENERGY®, and plans to continue such use in the future.

27    39. The 5-Hour ENERGY Trade Dress is arbitrary, non-functional, and

28  distinctive.

5682906v.6

1    40.    The 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress have

2    been extensively and continuously used by Living Essentials, and are inherently distinctive and/or

3    have become distinctive through the acquisition of secondary meaning.

4    41.    In the last five years, more than $500 million has been spent on advertising

5    and promoting 5-Hour ENERGY®. Living Essentials prominently displays the 5-Hour

6    ENERGY Marks and the 5-Hour ENERGY Trade Dress in its advertising and promotional

7    materials.

8    42.    As a result of extensive promotion to its customers through various forms

9    of national media, including but not limited to television, radio, Internet, and print

10   advertisements, the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress are widely

11   recognized.

12   43.    As a result of Living Essentials' extensive advertising and marketing

13   efforts since 2004, sales of 5-Hour ENERGY® have increased at a substantial rate. Since 2004,

14   billions of dollars' worth of 5-Hour ENERGY® have been sold to millions of consumers.

15   44.    As a result of the extensive advertising of 5-Hour ENERGY® in

16   connection with the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress, the

17   widespread sale of 5-Hour ENERGY®, and the celebrity that the 5-Hour ENERGY Marks and

18   the 5-Hour ENERGY Trade Dress have achieved, dietary supplements bearing the 5-Hour

19   ENERGY Marks and the 5-Hour ENERGY Trade Dress have been and are now recognized by

20   the public and in the trade as originating from a single source, Living Essentials.

21   45.    Dietary supplements bearing the 5-Hour ENERGY Marks and the 5-Hour

22   ENERGY Trade Dress have come to be known by the purchasing public throughout the United

23   States as dietary supplements of the highest quality.

24   46.    The 5-Hour ENERGY Marks, the 5-Hour ENERGY Copyright, and the 5-

25   Hour ENERGY Trade Dress symbolize business goodwill of Living Essentials and are invaluable

26   assets to Living Essentials.

27   **Living Essentials' Discovery Of Counterfeit Product**

28   47.    In late September 2012, Living Essentials was contacted by a salesman

- 9 -                                                  COMPLAINT

1    who suspected that he had encountered bottles of 5-Hour ENERGY® that had been diverted.

2    Living Essentials examined the bottles and determined — to its horror — that they were fakes.

3        48.    Although the authentic and counterfeit products appear similar at first

4    glance, a close inspection reveals numerous differences. For example:

5      • The counterfeit bottles are slightly shorter than the authentic bottles.

6      • The label of the Extra-Strength Berry flavor of the counterfeit product contains a typographical error on its label in the list of ingredients. Namely, the words
7      "Artificial Flavors" in the list of ingredients is misspelled on the counterfeits as "Art ficial Flavors."

8      • The caps of the authentic bottles have a raised "pimple" mark in the center, which is an artifact of the plastic molding process. The caps of the counterfeit
9      bottles are smooth and lack any raised mark.

10      • The caps of the authentic bottles feature Living Essentials' "Running Man" logo, a silhouette of a man running. The caps of the counterfeit bottles feature
11      a slightly fatter silhouette of a man running.

12      • Although authentic 5-Hour ENERGY® comes in various flavors, including Berry, Orange, and Extra-Strength Berry, the liquid inside the bottle is always
13      the same pale pink color. By contrast, the liquid inside the counterfeit bottles is strikingly different from one flavor variety to the next — and the counterfeit
14      Orange and Extra-Strength Berry varieties are strikingly different in color from the corresponding varieties of the authentic product. For example, the
15      counterfeit Extra-Strength is colored orange, a color that Living Essentials does not have in its factories.

16      • The counterfeit product does not taste and smell the same as the genuine product, a fact that has been noticed by a number of consumers of 5-Hour
17      ENERGY® who have contacted Living Essentials under the impression that they purchased defective product.

18      • Forensic analysis has determined that, unlike genuine 5-Hour ENERGY®, which contains 8333% of the RDI of vitamin $B_{12}$, the counterfeit product
19      contains *no* detectable vitamin $B_{12}$ — notwithstanding that the counterfeit product's label claims to contain the same amount of vitamin $B_{12}$ as the
20      authentic product.

21      • Forensic analysis has determined that the dyes used to print the boxes in which the counterfeit product is distributed are chemically different from the dyes
22      used to print authentic 5-Hour ENERGY® boxes.

23        49.    Living Essentials is not aware of serious adverse events associated with the

24    counterfeits. However, Living Essentials cannot vouch for their safety or purity. The counterfeits

25    have been manufactured by unknown criminals at an unknown location or locations. Living

26    Essentials does not, therefore, know under what conditions the counterfeits have been

27    manufactured or the ingredients that have been used in the counterfeits.

28        50.    Nor can Living Essentials vouch for the efficacy of the counterfeits. In

5682906v.6

1  fact, Living Essentials has received complaints from dissatisfied consumers that the counterfeit

2  products "did not provide any energy."

3  51.  As noted above, Living Essentials' ongoing forensic analysis has

4  determined that the nutritional information listed on the label of the counterfeit product is grossly

5  inaccurate in at least one material respect. As a result, the counterfeit product is misbranded

6  under the Federal Food, Drug and Cosmetic Act and subject to seizure by the FDA. *See* 21

7  U.S.C. § 343(q). Further analysis may well reveal other deviations from the nutritional

8  information stated on the label of the counterfeit product.

9  52.  Furthermore, authentic 5-Hour ENERGY® is manufactured under strict

10  supervision of Star-K Kosher Supervision, and accordingly, it is labeled as kosher. While the

11  counterfeit product is labeled with the same kosher designation, it is almost certainly *not*

12  manufactured under the supervision of Jewish religious authorities. Accordingly, it is unfit for

13  consumption under Jewish law.

14  **Living Essentials' Investigation Connects Defendants With The Counterfeits**

15  53.  As soon as it learned of the existence of counterfeit product, Living

16  Essentials retained counsel, who conducted an extensive, rapid nationwide investigation to

17  uncover those responsible for the counterfeits.

18  54.  Investigators have conducted purchases of authentic and counterfeit 5-Hour

19  ENERGY® in hundreds of retail and wholesale locations nationwide, including the Northern

20  District of California.

21  55.  Upon ascertaining that 5-Hour ENERGY® products purchased from a

22  retailer were counterfeit, the investigators asked the retailer where they had obtained those

23  products. When the investigators received this information, they attempted to purchase larger

24  quantities of counterfeit 5-Hour ENERGY® directly from the retailers' suppliers.

25  56.  By this method, Living Essentials was able to identify wholesalers and

26  distributors who, on information and belief, have trafficked in large quantities of counterfeit 5-

27  Hour ENERGY® and have distributed the counterfeit products to multiple retailers.

28  57.  In addition, investigators purchased 5-Hour ENERGY® directly from

- 11 -                                    COMPLAINT

1 certain wholesalers. A number of products purchased directly from wholesalers were discovered

2 to be counterfeit.

3        58.     The wholesalers and distributors of counterfeit 5-Hour ENERGY®

4 identified in this manner are the Defendants named herein.

5 *Involvement Of Defendants Pittsburg Wholesale Grocers, Inc. d/b/a Pitco Foods; Pacific Groservice, Inc. d/b/a Pitco Foods; Aristotle Pericles Navab; and David Luttway*

6        59.     On October 12, 2012, a private investigator purchased 16 bottles of

7 counterfeit 5-Hour ENERGY® from a Save Rite Market at 701 19th Street, Sacramento, CA

8 95811. The store's owner informed the investigator that she had purchased the 5-Hour

9 ENERGY® from "Pitco."

10       60.     On October 17, 2012, a private investigator purchased 10 bottles of

11 counterfeit 5-Hour ENERGY® from Del Norte Liquor at 11299 San Pablo Avenue, Unit P, El

12 Cerrito, CA 94530. The store's owner informed the investigator that she purchased the 5-Hour

13 ENERGY® from "Pitco."

14       61.     On October 16, 2012, a private investigator purchased three master cases

15 (containing 216 bottles each) of counterfeit 5-Hour ENERGY® directly from Pitco's warehouse

16 at 727 Kennedy Street, Oakland, California 94606.

17       62.     On October 17, 2012, a private investigator purchased two master cases

18 (containing 216 bottles each) of counterfeit 5-Hour ENERGY® from Pitco's warehouse at 385

19 Valley Drive, Brisbane, CA 94005.

20       63.     On information and belief, as principals of Defendants Pittsburg Wholesale

21 Grocers, Inc. d/b/a Pitco Foods and Pacific Groservice, Inc. d/b/a Pitco Foods, Defendants

22 Aristotle Pericles Navab and David Luttway were the moving, active and conscious force behind

23 Defendant Pittsburg Wholesale Grocers, Inc. d/b/a Pitco Foods and Defendant Pacific Groservice,

24 Inc. d/b/a Pitco Foods' unlawful conduct described herein.

25 *Involvement Of Defendant Santa Monica Distributing, Inc.; Manouchehr Heikali, a.k.a. David Heikali; and Aziz Heikali, a.k.a. Ed Heikali*

26       64.     On October 16, 2012, a private investigator purchased a 12-pack of

27 counterfeit 5-Hour Energy® from Santa Monica Distributing, Inc. at 3180 W. Olympic

28 Boulevard, Santa Monica, California 90404.

                            - 12 -                          COMPLAINT

1    65.    On information and belief, as principals of Defendant Santa Monica

2    Distributing, Inc., Defendant Manouchehr Heikali, a.k.a. David Heikali, and Defendant Aziz

3    Heikali, a.k.a. Ed Heikali, were the moving, active and conscious force behind Defendant Santa

4    Monica Distributing, Inc.'s unlawful conduct described herein.

5    *Involvement Of Defendants Elite Wholesale, Inc.; Tonic Wholesale, Inc. d/b/a Ace Wholesale, Inc.; Koamex General Wholesale, Inc.; and Young H. Kim, a.k.a. Yong Hwam Kim*

6    66.    On October 12, 2012, a private investigator purchased two bottles of

7    counterfeit 5-Hour ENERGY® from Overland Market at 300 Overland Avenue, Los Angeles,

8    California 90034. The store's owner informed the investigator that she had purchased the 5-Hour

9    ENERGY® from Ace Wholesale in downtown Los Angeles.

10    67.    On October 16, 2012, a private investigator purchased two boxes of

11    counterfeit 5-Hour ENERGY® (consisting of 12 bottles each) directly from Tonic Wholesale,

12    Inc. d/b/a Ace Wholesale at 1675 S. Alameda Street, Los Angeles, California 90021.

13    68.    On October 18, 2012, a private investigator purchased two master cases

14    (containing 216 bottles each) of counterfeit 5-Hour ENERGY directly from Tonic Wholesale,

15    Inc. d/b/a Ace Wholesale at 1675 S. Alameda Street, Los Angeles, California 90021.

16    69.    On October 17, 2012, a private investigator purchased a master case

17    (containing 216 bottles) of counterfeit 5-Hour ENERGY® from Elite Wholesale, Inc. at 12323

18    Sherman Way, North Hollywood, California 91605.

19    70.    October 23, 2012, a private investigator purchased twenty-six 12-packs of

20    counterfeit 5-Hour ENERGY® in Berry and Orange flavors from Defendant Dapan USA Corp.

21    d/b/a Frontier Wholesale at 1725 Wood Place, Ventura, California 93003. An employee told the

22    investigator that Defendant Dapan USA Corp. d/b/a Frontier Wholesale purchases its 5-Hour

23    ENERGY® twice a week from Defendant Elite Wholesale, Inc.

24    71.    On information and belief, Defendant Koamex General Wholesale, Inc.

25    supplied the counterfeit 5-Hour ENERGY® that the private investigators purchased at Tonic

26    Wholesale, Inc. d/b/a Ace Wholesale and Elite Wholesale, Inc.

27    72.    On information and belief, as principal of Defendant Koamex General

28    Wholesale, Inc., Defendant Young H. Kim, a.k.a. Yong Hwam Kim was the moving, active and

- 13 -    COMPLAINT

5682906v.6

1  conscious force behind the unlawful conduct of Defendants Elite Wholesale, Inc.; Tonic

2  Wholesale, Inc. d/b/a Ace Wholesale, and Koamex General Wholesale, Inc. described herein.

3  *Involvement Of Defendants Dapan USA Corp. d/b/a Frontier Wholesale and Sung Keun Lee*

4        73.    October 23, 2012, a private investigator purchased twenty-six 12-packs of

5  counterfeit 5-Hour ENERGY® in Berry and Orange flavors from Defendant Dapan USA Corp.

6  d/b/a Frontier Wholesale at 1725 Wood Place, Ventura, California 93003. An employee told the

7  investigator that Defendant Dapan USA Corp. d/b/a Frontier Wholesale purchases its 5-Hour

8  ENERGY® twice a week from Defendant Elite Wholesale, Inc.

9        74.    On information and belief, as principal of Defendant Dapan USA Corp.

10  d/b/a Frontier Wholesale, Defendant Sung Keun Lee was the moving, active and conscious force

11  behind Defendant Dapan USA Corp. d/b/a Frontier Wholesale's unlawful conduct described

12  herein.

13  *Involvement of Defendants Dan-Dee Company, Inc.; Fadi Attiq; and Kevin Attiq*

14        75.    On October 24, 2012, two private investigators visited Defendant Dan-Dee

15  Company at 3511 Sweetwater Springs Boulevard, Spring Valley, California 91978. The

16  investigators observed that Dan-Dee Company had a large selection of 5-Hour ENERGY®

17  products for sale, and that the Orange, Berry, and Extra-Strength Berry products were all

18  counterfeit. When they attempted to purchase the product, an individual who represented himself

19  as the owner confronted them and appeared nervous. He asserted that he could not sell 5-Hour

20  ENERGY® products to the investigators because their reseller's permit was a duplicate rather

21  than an original.

22        76.    After leaving Defendant Dan-Dee Company, Inc.'s premises, the

23  investigators went to a nearby gas station and car wash called Soapy Joe's, where they saw

24  counterfeit bottles of 5-Hour ENERGY® on sale. An employee of the car wash told the

25  investigators that the store purchases its 5-Hour ENERGY® from Defendant Dan-Dee Company,

26  Inc. and gave Defendant Dan-Dee Company, Inc.'s telephone number to the investigator.

27        77.    On information and belief, as owners and principals of Defendant Dan-Dee

28  Company, Inc., Defendant Fadi Attiq and Defendant Kevin Attiq were the moving, active and

      COMPLAINT

1    conscious force behind Defendant Dan-Dee Company, Inc.'s unlawful conduct described herein.

2    *Involvement Of Defendants John Does 1-10*

3        78.    In addition to the Defendants identified by name in this Complaint, on

4    information and belief, additional persons and entities whose identities are presently unknown are

5    involved in the manufacture, distribution and sale of counterfeit 5-Hour ENERGY®. Plaintiffs

6    intend to amend this Complaint to identify these additional persons and entities by name as their

7    identities are revealed during the course of discovery.

8                          **FIRST CLAIM FOR RELIEF**
                **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))**
9

10       79.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

11   this Complaint as if fully set forth herein.

12       80.    In violation of 15 U.S.C. § 1114(1)(a), Defendants, independently and in

13   conspiracy with one another, used in commerce, without Plaintiffs' consent, either a reproduction,

14   counterfeit, copy or colorable imitation of the 5-Hour ENERGY Marks and the 5-Hour ENERGY

15   Trade Dress in connection with the sale, offering for sale, distribution, or advertising of

16   counterfeit packaged 5-Hour ENERGY® dietary supplements or in connection with which such

17   use that is likely to cause confusion, or to cause mistake, or to deceive.

18       81.    Defendants' actions constitute willful infringement of Plaintiffs' exclusive

19   rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

20       82.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

21   suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

22   Dress and their reputation in the industry. Unless Defendants are restrained from further

23   infringement of the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress, Plaintiffs

24   will continue to be irreparably harmed.

25       83.    Plaintiffs have no adequate remedy at law that will compensate for the

26   continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

27       84.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

28   suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

                                    - 15 -                          COMPLAINT

1 and other damages in an amount to be proved at trial.

2 ## SECOND CLAIM FOR RELIEF
3 ## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(b))

4  85.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of
5 this Complaint as if fully set forth herein.

6  86.    In violation of 15 U.S.C. § 1114(1)(b), Defendants, independently and in

7 conspiracy with one another, reproduced, counterfeited, copied or colorably imitated the

8 registered 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress belonging to Plaintiffs

9 and applied such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints,

10 packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in

11 connection with the offering for sale, distribution or advertising of counterfeit 5-Hour ENERGY®

12 or in connection with such use that is likely to cause confusion, to cause mistake or to deceive.

13  87.    Defendants' actions constitute willful infringement of Plaintiffs' exclusive

14 rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

15  88.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

16 suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

17 Dress and their reputation in the industry. Unless Defendants are restrained from further

18 infringement of the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress, Plaintiffs

19 will continue to be irreparably harmed.

20  89.    Plaintiffs have no adequate remedy at law that will compensate for the

21 continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

22  90.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

23 suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

24 and other damages in an amount to be proved at trial.

25 ## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT

26  91.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

27 this Complaint as if fully set forth herein.

28  92.    Defendants, independently and in conspiracy with one another,

- 16 -                                                    COMPLAINT

5682906v.6

1  intentionally induced other parties to infringe the 5-Hour ENERGY Marks and the 5-Hour

2  ENERGY Trade Dress.

3       93.    Defendants, independently and in conspiracy with one another, continued

4  to supply their product to persons whom they knew or had reason to know were infringing the 5-

5  Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

6       94.    Defendants, independently and in conspiracy with one another, failed to

7  take reasonable precautions against the occurrence of third parties' infringement of the 5-Hour

8  ENERGY Marks and the 5-Hour ENERGY Trade Dress under circumstances in which the

9  infringing conduct could reasonably be anticipated.

10      95.    Defendants' actions constitute contributory infringement of Plaintiffs'

11  exclusive rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

12      96.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

13  suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

14  Dress and their reputation in the industry. Unless Defendants are restrained from further

15  contributory infringement of the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress,

16  Plaintiffs will continue to be irreparably harmed.

17      97.    Plaintiffs have no adequate remedy at law that will compensate for the

18  continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

19      98.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

20  suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

21  and other damages in an amount to be proved at trial.

22  ## FOURTH CLAIM FOR RELIEF
## FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE

23
24      99.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

this Complaint as if fully set forth herein.

25
26      100.   In violation of 15 U.S.C. § 1125(a)(1)(A), Defendants, independently and

in conspiracy with one another, in connection with the counterfeit 5-Hour ENERGY® products,

27  used in commerce a slogan, trade dress, word, term, name, symbol or device, or any combination

28  thereof, or a false designation of origin, false or misleading description of fact or false or

- 17 -                                             COMPLAINT

5682906v.6

1   misleading representation of fact, which was or is likely to cause confusion or to cause mistake,

2   or to deceive as to an affiliation, connection, or association with Plaintiffs.

3       101.    Defendants' actions constitute willful infringement of Plaintiffs' exclusive

4   rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

5       102.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

6   suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

7   Dress and their reputation in the industry. Unless Defendants are restrained from further

8   infringement of the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress, Plaintiffs

9   will continue to be irreparably harmed.

10      103.    Plaintiffs have no adequate remedy at law that will compensate for the

11  continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

12      104.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

13  suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

14  and other damages in an amount to be proved at trial.

15  ### FIFTH CLAIM FOR RELIEF
    ### FEDERAL FALSE ADVERTISING

16      105.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

17  this Complaint as if fully set forth herein.

18      106.    In violation of 15 U.S.C. § 1125(a)(1)(B), Defendants, independently and

19  in conspiracy with one another, in connection with the sale of the counterfeit 5-Hour ENERGY®

20  products, used a slogan, trade dress, word, term, name, symbol, or device or any combination

21  thereof, or a false designation of origin, false or misleading description of fact, or false or

22  misleading representation of fact, which in commercial advertising or promotion, misrepresents

23  the nature, characteristics, and qualities of the counterfeit 5-Hour ENERGY® products.

24      107.    On information and belief, Defendants advertised, marketed and promoted

25  the counterfeit 5-Hour ENERGY® products to the public, and/or to specific segments of the

26  public, using Plaintiffs' 5-Hour ENERGY Marks, 5-Hour ENERGY Copyright, and 5-Hour

27  ENERGY Trade Dress, as well as Plaintiffs' slogans and other intellectual property belonging to

28  Plaintiffs.

- 18 -                                                          COMPLAINT

1    108.   Defendants' actions constitute willful infringement of Plaintiffs' exclusive

2  rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

3    109.   As a direct and proximate result of Defendants' conduct, Plaintiffs have

4  suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

5  Dress and their reputation in the industry. Unless Defendants's conduct is restrained, Plaintiffs

6  will continue to be irreparably harmed.

7    110.   Plaintiffs have no adequate remedy at law that will compensate for the

8  continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

9    111.   As a direct and proximate result of Defendants' conduct, Plaintiffs have

10  suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

11  and other damages in an amount to be proved at trial.

12
### SIXTH CLAIM FOR RELIEF
### FEDERAL DILUTION OF MARK

13    112.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

14  this Complaint as if fully set forth herein.

15    113.   The 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress are

16  famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

17    114.   Defendants are selling and/or have sold counterfeit products bearing the 5-

18  Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress after such trademarks and trade

19  dress became famous.

20    115.   By selling these counterfeit packaged products, Defendants, independently

21  and in conspiracy with one another, have diluted and are diluting the distinctive quality of a mark

22  or trade name owned by Plaintiffs in violation of 15 U.S.C. § 1125(c).

23    116.   Defendants' actions constitute willful infringement of Plaintiffs' exclusive

24  rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

25    117.   As a direct and proximate result of Defendants' conduct, Plaintiffs have

26  suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

27  Dress and their reputation in the industry. Unless Defendants' conduct is restrained, Plaintiffs

28  will continue to be irreparably harmed.

- 19 -                                            COMPLAINT

1    118.    Plaintiffs have no adequate remedy at law that will compensate for the

2  continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

3    119.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

4  suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

5  and other damages in an amount to be proved at trial.

6
## SEVENTH CLAIM FOR RELIEF
## FEDERAL COPYRIGHT INFRINGEMENT

7    120.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

8  this Complaint as if fully set forth herein.

9
     121.    Plaintiffs are the sole proprietor of all right, title and interest in and to the

10  5-Hour ENERGY Copyright. As provided by 17 U.S.C. § 106, Plaintiffs have the exclusive right

11  to, *inter alia*, reproduce, distribute, publicly display, and create derivative works from the 5-Hour

12  ENERGY Copyright.

13
     122.    Plaintiffs have registered their claim to copyright in the 5-Hour ENERGY

14  Copyright. Plaintiffs possess a copyright registration certificate for the 5-Hour ENERGY

15  Copyright.

16
     123.    Defendants, acting independently and in conspiracy with one another, have

17  directly infringed the 5-Hour ENERGY Copyright by unlawfully reproducing, transmitting,

18  distributing, publicly displaying, and creating derivative works based on the 5-Hour ENERGY

19  Copyright, all in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

20
     124.    Defendants, acting independently and in conspiracy with one another, have

21  also secondarily infringed the 5-Hour ENERGY Copyright by, *inter alia*, knowingly inducing

22  others to further disseminate the 5-Hour ENERGY Copyright without authorization to their

23  customers and/or other persons, and providing the site and facilities for known infringement of

24  the 5-Hour ENERGY Copyright and directly profiting from such infringement.

25
     125.    Upon information and belief, the foregoing actions of Defendants in

26  violation of Plaintiffs' rights have been willful and intentional, executed with full knowledge of

27  Plaintiffs' exclusive rights in the 5-Hour ENERGY Copyright, and in conscious disregard of

28  those rights.

- 20 -                                    COMPLAINT

1    126.   Plaintiffs are entitled to recover from Defendants the profits that

2   Defendants obtained through infringements of the 5-Hour ENERGY Copyright as well as

3   Plaintiffs' damages from those infringements, or, at Plaintiffs' election, statutory damages

4   pursuant to 17 U.S.C. § 504.

5    127.   Plaintiffs are also entitled to recover costs and attorney's fees from

6   Defendant pursuant to 17 U.S.C. § 505.

7    128.   Defendants' infringements of Plaintiffs' copyright has caused, and, unless

8   restrained by this Court, will continue to cause, irreparable injury to Plaintiffs not fully

9   compensable in monetary damages.  Plaintiffs are therefore entitled to preliminary and permanent

10   injunctions prohibiting Defendants from further infringing Plaintiffs' copyright.

11                           **EIGHTH CLAIM FOR RELIEF**
                        **STATE-LAW FALSE ADVERTISING**
12                   **(CAL. BUS. & PROF. CODE § 17500)**

13    129.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

14   this Complaint as if fully set forth herein.

15    130.   Defendants, independently and in conspiracy with one another, with intent

16   to induce the public to enter into commercial transactions, have made or disseminated, or caused

17   to be made or disseminated, advertising statements concerning the counterfeit 5-Hour

18   ENERGY® product which are untrue and misleading, and which were known, or which by the

19   exercise of reasonable care should have been known, to be untrue or misleading, in violation of

20   Cal. Bus. & Prof. Code § 17500.

21    131.   On information and belief, Defendants advertised, marketed and promoted

22   the counterfeit 5-Hour ENERGY® products to the public, and/or to specific segments of the

23   public, using Plaintiffs' 5-Hour ENERGY Marks, 5-Hour ENERGY Copyright, and 5-Hour

24   ENERGY Trade Dress, as well as Plaintiffs' slogans and other intellectual property belonging to

25   Plaintiffs.

26    132.   Defendants' actions constitute willful infringement of Plaintiffs' exclusive

27   rights in the 5-Hour ENERGY Marks and the 5-Hour ENERGY Trade Dress.

28    133.   As a direct and proximate result of Defendants' conduct, Plaintiffs have

                                    - 21 -                        COMPLAINT

1  suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade

2  Dress and their reputation in the industry. Unless Defendants' conduct is restrained, Plaintiffs

3  will continue to be irreparably harmed.

4      134.   Plaintiffs have no adequate remedy at law that will compensate for the

5  continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

6      135.   As a direct and proximate result of Defendants' conduct, Plaintiffs have

7  suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY Trade Dress

8  and other damages in an amount to be proved at trial.

9  **NINTH CLAIM FOR RELIEF**
**STATE-LAW UNFAIR COMPETITION**
10 **(CAL. BUS. & PROF. CODE § 17200)**

11      136.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

12  this Complaint as if fully set forth herein.

13      137.   By manufacturing, selling, offering for sale, and/or distributing counterfeit

14  5-Hour ENERGY®, Defendants, independently and in conspiracy with one another, have

15  committed unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof.

16  Code § 17200.

17      138.   Defendants' conduct is unlawful because it violates numerous state and

18  federal statutes, including 15 U.S.C. § 1114(1)(a); 15 U.S.C. § 1114(1)(b); 15 U.S.C. §

19  1125(a)(1)(A); 15 U.S.C. § 1125(a)(1)(B); 15 U.S.C. § 1125(c); 17 U.S.C. § 106; Cal. Bus. &

20  Prof. Code § 14250; Cal. Bus. & Prof. Code § 14247; and Cal. Bus. & Prof. Code § 17500.

21      139.   Defendants' conduct is unfair because it offends established public policy;

22  is immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and without

23  justification; and significantly threatens or harms competition.

24      140.   Defendants' conduct is fraudulent because it is likely to deceive reasonable

25  consumers.

26      141.   Plaintiffs are entitled to an injunction restraining Defendants' unlawful,

27  unfair, and fraudulent conduct, and to such orders as may be necessary to restore to Plaintiffs

28  their interest in any money or property, real or personal, which may have been acquired by means

- 22 -           COMPLAINT

1  of Defendants' unfair competition.

2  ### TENTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

3
4  142.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of this Complaint as if fully set forth herein.

5
6  143.  In violation of the common law of the State of California and elsewhere, Defendants, independently and in conspiracy with one another, have unfairly competed with

7  Plaintiffs by selling counterfeit 5-Hour ENERGY® products.

8
9  144.  As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered irreparable harm to the valuable 5-Hour ENERGY Marks and 5-Hour

10  ENERGY Trade Dress and their reputation in the industry.  Unless Defendants' conduct is

11  restrained, Plaintiffs will continue to be irreparably harmed.

12
13  145.  Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

14
15  146.  As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered damages to the valuable 5-Hour ENERGY Marks and 5-Hour ENERGY

16  Trade Dress and other damages in an amount to be proved at trial.

17  ### ELEVENTH CLAIM FOR RELIEF
### COMMON LAW UNJUST ENRICHMENT
18

19  147.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 79 of

20  this Complaint as if fully set forth herein.

21  148.  By selling the counterfeit products bearing Plaintiffs' valuable trademarks

22  independently and in conspiracy with one another, Defendants have been unjustly enriched at

23  Plaintiffs' expense in violation of the common law of California and elsewhere.

24  149.  Under principles of equity, Plaintiffs are entitled to restitution and/or

25  disgorgement of Defendants' ill-gotten gains.

26  ### PRAYER FOR RELIEF

27  WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

28

- 23 -                    COMPLAINT

1      A.      temporarily restraining, and preliminary and permanently enjoining, each

2   and every one of the Defendants and their subsidiaries, parents, affiliates, agents, servants,

3   employees, members, directors, officers and attorneys and those persons in active concert or

4   participation with them:

5              (i)      from using any of the 5-Hour ENERGY Marks, whether genuine or
                        counterfeit, or any marks confusingly similar thereto in connection
6                       with the manufacture, sale, offer for sale, distribution,
                        advertisement, or any other use of dietary supplements;
7
               (ii)     from using any logo, trade name or trademark confusingly similar
8                       to any of the 5-Hour ENERGY Marks which may be calculated to
                        falsely represent or which has the effect of falsely representing that
9                       the services or products of Defendants or of others are sponsored
                        by, authorized by, or in any way associated with Plaintiffs;
10
               (iii)    from infringing any of the 5-Hour ENERGY Marks;
11
               (iv)     from infringing the 5-Hour ENERGY Copyright;
12
               (v)      from otherwise unfairly competing with Plaintiffs in the
13                      manufacture, sale, offering for sale, distribution, advertisement, or
                        any other use of 5-Hour ENERGY® dietary supplements;
14
               (vi)     from falsely representing themselves as being connected with
15                      Plaintiffs or sponsored by or associated with Plaintiffs or engaging
                        in any act which is likely to cause the trade, retailers and/or
16                      members of the purchasing public to believe that Defendants, or
                        any of them, are associated with Plaintiffs;
17
               (vii)    from using any reproduction, counterfeit, copy, or colorable
18                      imitation of any of the 5-Hour ENERGY Marks in connection with
                        the publicity, promotion, sale, or advertising of dietary
19                      supplements;

20             (viii)   from affixing, applying, annexing or using in connection with the
                        sale of any goods, a false description or representation including
21                      words or other symbols tending to falsely describe or represent such
                        goods as being 5-Hour ENERGY® dietary supplements and from
22                      offering such goods in commerce;

23             (ix)     from diluting any of the 5-Hour ENERGY Marks;

24             (x)      from destroying any records documenting the manufacture, sale,
                        offer for sale, distribution, advertisement or receipt of any product
25                      purporting to be 5-Hour ENERGY®; and

26             (xi)     from assisting, aiding or abetting any other person or business
                        entity in engaging in or performing any of the activities referred to
27                      in subparagraphs (i) through (x) above; and

28

- 24 -                                    COMPLAINT

5682906v.6

1           B.     ordering that, within fifteen days after the entry and service of a temporary,

2   preliminary or permanent injunction, Defendants serve and file a written report under oath setting

3   forth in detail the manner and form in which they have complied with the injunction; and

4           C.     ordering that all infringing material be turned over, seized, impounded

5   and/or destroyed; and

6           D.     awarding to Plaintiffs punitive damages from each Defendant in an amount

7   to be ascertained at trial, but in no event less than \$25 million; and

8           E.     awarding to Plaintiffs statutory or actual damages in an amount to be

9   ascertained at trial, and costs and attorney's fees; and

10          F.     awarding to Plaintiffs an accounting, and an award of: (i) all ill-gotten

11  profits from Defendants' manufacture, sale and/or distribution of the counterfeit 5-Hour

12  ENERGY® products; (ii) Plaintiffs' lost profits; and (iii) Plaintiffs' remedial costs; and

13          G.     awarding to Plaintiffs pre-judgment and post-judgment interest; and

14          H.     awarding such other and further relief to Plaintiffs as may be just, proper,

15  and equitable.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               - 25 -                           COMPLAINT

1  Dated: October 26, 2012

2                                   Respectfully submitted,

3                                   MURPHY PEARSON BRADLEY & FEENEY

4
                                    _____
5                                   Thomas P. Mazzucco
                                    Nicholas Q. Larson
6                                   Bryan L. P. Saalfeld
                                    MURPHY PEARSON BRADLEY & FEENEY
7                                   88 Kearny Street, 10th Floor
                                    San Francisco, CA 94108
8                                   Telephone:  (415) 788-1900
                                    Fax:        (415) 393-8087
9                                   E-Mail      tmazzucco@mpbf.com

10                                  Geoffrey Potter (to be admitted *pro hac vice*)
                                    Christos G. Yatrakis (to be admitted *pro hac vice*)
11                                  Jonah M. Knobler (to be admitted *pro hac vice*)
                                    PATTERSON BELKNAP WEBB & TYLER LLP
12                                  1133 Avenue of the Americas
                                    New York, NY 10036
13                                  Telephone:  (212) 336-20000
                                    Fax:        (212) 336-2222
14                                  E-Mail      gpotter@pbwt.com
                                                cyatrakis@pbwt.com
15                                              jknobler@pbwt.com

16                                  *Attorneys for Plaintiffs Innovation Ventures, LLC and
                                    Living Essentials, LLC*

17

18

19

20

21

22

23

24

25

26

27

28

                                                              COMPLAINT

5682906v.6