```
 1  Thomas P. Mazzucco - 139758
    Aaron K. McClellan – 197185
 2  Bryan L. P. Saalfeld - 243331
    Nicholas C. Larson - 275870
 3  MURPHY, PEARSON, BRADLEY & FEENEY
    88 Kearny Street, 10th Floor
 4  San Francisco, CA 94108-5530
    Tel:    (415) 788-1900
 5  Fax:    (415) 393-8087
    E-Mail     tmazzucco@mpbf.com
 6             amcclellan@mpbf.com
               bsaalfeld@mpbf.com
 7             nlarson@mpbf.com

 8  Geoffrey Potter (to be admitted pro hac vice)
    Christos G. Yatrakis (to be admitted pro hac vice)
 9  Jonah M. Knobler (to be admitted pro hac vice)
    PATTERSON BELKNAP WEBB & TYLER LLP
10  1133 Avenue of the Americas
    New York, NY 10036
11  Telephone:   (212) 336-2000
    Fax:         (212) 336-2222
12  E-Mail       gpotter@pbwt.com
                 cyatrakis@pbwt.com
13               jknobler@pbwt.com

14  Attorneys for Plaintiffs
    Innovation Ventures, LLC and Living Essentials, LLC
15
```

*SEALED BY COURT ORDER*

*RECEIVED OCT 26 2012 — RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**WHA**

| | |
|---|---|
| INNOVATION VENTURES, LLC and LIVING ESSENTIALS, LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> PITTSBURG WHOLESALE GROCERS, INC., d/b/a PITCO FOODS; PACIFIC GROSERVICE, INC. d/b/a PITCO FOODS; ARISTOTLE PERICLES NAVAB; DAVID LUTTWAY; SANTA MONICA DISTRIBUTING, INC.; MANOUCHEHR HEIKALI, a.k.a. DAVID HEIKALI; AZIZ HEIKALI, a.k.a. ED HEIKALI; ELITE WHOLESALE, INC.; TONIC WHOLESALE, INC. d/b/a ACE WHOLESALE; KOAMEX GENERAL WHOLESALE, INC.; YOUNG H. KIM, a.k.a. YONG HWAM KIM; DAPAN USA CORP. d/b/a FRONTIER WHOLESALE; SUNG KEUN LEE; DAN-DEE COMPANY, INC.; FADI ATTIQ; KEVIN ATTIQ; and JOHN DOES 1-10, <br><br> Defendants. | Case No. 12 5523 <br><br> [PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION <br><br> FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 |

[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

*COPIES MAILED TO SUBMITTING COUNSEL — GIVEN*

1  PLEASE TAKE NOTICE that upon the Complaint of Innovation Ventures, LLC and Living Essentials, LLC (together, "Living Essentials" or "Plaintiffs"), the declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, it is hereby:

ORDERED, that Defendants show cause before this Court at Courtroom 8, 19th Floor United States Courthouse, the Northern District of California, on the 7 day of November, 2012 at 3 o'clock p.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining the Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them, pending the final hearing and determination of this action from:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the 5-Hour ENERGY Marks (as defined herein), on any counterfeit product, or any marks confusingly similar thereto in connection with any 5-Hour ENERGY® products or other products. The "5 HOUR ENERGY" Marks are:

- "5 HOUR ENERGY" (Registration No. 3,003,0770);

- "5-HOUR ENERGY" (Registration No. 4,004,225);

- **5-hour ENERGY** (Registration No. 4,104,670);

- which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

-2-
[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

- , commonly referred to as "Running Man (Registration No. 3,698,044); and

- which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4.120,360).

2. Using any logo, trade name or trademark confusingly similar to any of the 5-Hour ENERGY Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Living Essentials;

3. Infringing any of the 5-Hour ENERGY Marks;

4. Otherwise unfairly competing with Living Essentials in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of the 5-Hour ENERGY®;

5. Falsely representing any or all of the Defendants as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Defendants are associated with Living Essentials;

6. Using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-Hour ENERGY Marks in connection with the publicity, promotion, sale, or advertising of counterfeit 5-Hour ENERGY®;

7. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being 5-Hour ENERGY® and from offering such goods in commerce;

8. Diluting any of the 5-Hour ENERGY Marks;

9. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, business records (including but not limited to internet-based email communications) or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be 5-Hour ENERGY®; and

10. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (9) above; and it is further

ORDERED, that pending further order of this Court, the Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately temporarily restrained from:

1. Purchasing, selling, distributing, marketing, manufacturing or otherwise using any of the 5-Hour ENERGY Marks (as defined above) or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of counterfeit 5-Hour ENERGY®;

2. Using any logo, trade name or trademark confusingly similar to any of the 5-Hour ENERGY Marks whicb may be calculated to falsely represent or which has the effect of

falsely representing that the services or products of any or all of the Restrained Parties or others are sponsored by, authorized by or in any way associated with Living Essentials;

      3.      Infringing any of the 5-Hour ENERGY Marks;

      4.      Otherwise unfairly competing with Living Essentials in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of 5-Hour ENERGY®;

      5.      Falsely representing any or all of the defendants as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Restrained Parties are associated with Living Essentials;

      6.      Using any reproduction, counterfeit, copy, or colorable imitation of any of the 5-Hour ENERGY Marks in connection with the publicity, promotion, sale, or advertising of counterfeit 5-Hour ENERGY®;

      7.      Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being 5-Hour ENERGY® and from offering such goods in commerce;

      8.      Diluting any of the 5-Hour ENERGY Marks;

      9.      Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, business records (including but not limited to internet-based email communications) or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be 5-Hour ENERGY®; and

10. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (9) above; and it is further

ORDERED, that the Restrained Parties shall be prohibited for a period of ten (10) days, commencing on the date of service of this Order, from communicating by any means (including but not limited to the cancellation of pending purchase orders) with any supplier, distributor, purchaser, packager, or re-packager of any products bearing the 5-Hour ENERGY Marks about this litigation or the subject matter of this litigation; and it is further

ORDERED, that the Restrained Parties shall turn over to Plaintiffs or any person or entity designated by Plaintiffs all counterfeit 5-Hour ENERGY® products in their possession, custody or control to be held by Plaintiffs until further order of this Court; and it is further

ORDERED, that the Restrained Parties shall produce to Plaintiffs, immediately upon service of this Order, a summary document showing the dates, quantities, names and addresses of all suppliers and customers for the preceding twenty-four (~~24~~ 12) months from whom they have purchased or to whom they have sold any products bearing the 5-Hour ENERGY Marks; and it is further

~~ORDERED, that the following defendants: Pittsburg Wholesale Grocers, Inc., d/b/a Pitco Foods; Pacific Groservice Inc., d/b/a/ Pitco Foods; Santa Monica Distributing, Inc.; Elite Wholesale, Inc.; Tonic Wholesale, Inc., d/b/a Ace Wholesale; Koamex General Wholesale, Inc.; Frontier Wholesale; Dan-Dee Company (collectively, the "Asset Restrained Parties") shall be restrained from secreting any assets, and from transferring or conveying any assets, and that assets held by, for, or on account of any or all of the defendants, in any bank, brokerage house or financial institution transacting business within the State of California. Upon service of this Order to Show Cause upon a bank, brokerage house or financial institution transacting business within the State of California, all assets held by, for, or on account of any or all of the Asset Restrained Parties, or in an account as~~

-6-
[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1  ~~to which any of them has signature authority, shall be frozen and restrained and any bank, brokerage~~

2  ~~house or financial institution holding such funds are~~ restrained from releasing them until further

3  ~~order of this Court; and~~ it is further     *Monday the 29th*

4  ORDERED, that ~~within five (5)~~ business days of the entry of this Order to Show Cause,

5  plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the

6  amount of $50,000 as security for the payment of such costs and damages as may be incurred or

7  suffered by any party as a result of any undue harm caused by this Order to Show Cause, and that

8  such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it

9  is further

10  ORDERED, that the following confidentiality provisions shall apply to all documents and all

11  other materials obtained by Plaintiffs from the Defendants (the "Material"):

12  1.  Plaintiffs shall not disclose any Material to any persons, except the following, who shall treat such information as confidential in accordance with the terms of this Order:

(a) The Court and its officers, and any court reporters employed in this action;

(b) lawyers, legal assistants and support personnel at the Plaintiffs' outside counsel and investigators and experts employed by the Plaintiffs' outside counsel;

(c) the Plaintiffs' in-house attorneys, legal assistant and support people that work with them with a need to know including those who deal with the various regulatory agencies;

(d) the Plaintiffs' corporate security employees and those employees who support Plaintiffs' anti-counterfeiting efforts;

(e) the Plaintiffs' customer service people employed in connection with Plaintiffs' consumer information line;

(f) government agencies, including those responsible for law enforcement; and

(g) fact witnesses or expert witnesses at trial or deposition.

[Proposed] Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction

2. The provisions noted above relating to the Material shall not apply to any Material that:

(a) is, was, or becomes public knowledge, as long as it became so not in violation of this Order,

(b) is lawfully acquired by the Plaintiffs from a person or entity, other than the Defendants, that has the right to possess and disclose such Material;

(c) was lawfully possessed by the Plaintiffs prior to entry by the Court of this Order; or

(d) Defendants subsequently agree in writing that the Material is not Confidential.

3. Nothing in this Order relating to the treatment of the Material shall be taken as indicating that any of the Materials are in fact confidential or entitled to confidential treatment. Plaintiffs may at any time seek an order from the Court, on notice to counsel for the Defendants determining that specified Materials or categories of Materials are not entitled to be treated as confidential.

4. All Material that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court.

5. A person who receives a subpoena or other request for production or disclosure of any of the Material from any person, other than a government agency or law enforcement agency, shall give prompt written notice to Defendants to enable them to take such action as they deem appropriate to protect the confidential status of the Material. Requests for the Material from a government agency or law enforcement agency shall be complied with without notice to any of the Defendants; and it if further

ORDERED, that service of the Summons and Complaint and of this Order to Show Cause, together with copies of the papers in support thereof, shall be made ~~within 3 business days~~ *at Seizure* of the ~~undersigned date on the Defendants~~ (but in any event, not in advance of the execution of ~~any~~ Seizure

-8-
[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1 | Ordered entered by this Court), by delivering true copies thereof to any person of suitable age found
2 | at Defendants' business addresses, and that such service be deemed sufficient service; and it is
3 | further
4 |
5 |     ORDERED, that answering papers, if any, be filed by the Defendants with this Court and
6 | personally served upon Plaintiffs' counsel, Patterson Belknap Webb & Tyler LLP, at their offices at
7 | 1133 Avenue of the Americas, New York, New York 10036, on or before November 12, 2012, and
8 | reply papers shall be filed and served on or before November 19, 2012; and it is further
9 |     ORDERED, that the Defendants are hereby put on notice that failure to attend the show
10 | cause hearing scheduled herein shall result in the immediate issuance and confirmation of the
11 | preliminary injunction, and that failure of the Defendants to respond to the Order to Show Cause by
12 | November 16, 2012 shall result in the automatic issuance of a preliminary injunction, which shall be
13 | deemed to take effect immediately and shall extend during the pendency of this action. The
14 | Restrained Parties shall be deemed to have actual notice of the issuance and terms of such
15 | preliminary injunction, and that any act by any of the Restrained Parties in violation of any of its
16 | terms may be considered and prosecuted as contempt of this Court. Finally, it is
17 |     ORDERED, that all papers submitted in this action, including those heretofore submitted,
18 | shall be filed by the Clerk of the Court under seal, and shall remain filed under seal until further
19 | order of this Court.
20 |
21 |
22 |                                                         _____
23 |                                                         UNITED STATES DISTRICT JUDGE
24 |
25 | Issued:     October 24, 2012 at 3:15 o'clock p.m.

-9-
[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION