1
2
3
4
5
6                        IN THE UNITED STATES DISTRICT COURT

7                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   INNOVATION VENTURES, LLC and                    No. C 12-05523 WHA
     LIVING ESSENTIALS, LLC,
11
                    Plaintiffs,                       **ORDER DISSOLVING**
12                                                    **TEMPORARY RESTRAINING**
                                                     **ORDER, DENYING**
13        v.                                          **PRELIMINARY INJUNCTION,**
                                                     **AND DISSOLVING EXPEDITED**
     PITTSBURG WHOLESALE GROCERS,                    **DISCOVERY ORDER**
14   INC., et al.,
15
                    Defendants.
16   _____/

17          On November 7, the Court held a hearing on its October 26 orders granting temporary

18   relief against defendants.  At the hearing, the Court found that plaintiffs have not carried their

19   burden of showing that preliminary relief they seek is necessary against defendants Pittsburg

20   Wholesale Grocers, Inc., Pacific Groservice, Inc., Aristotle Pericles Navab, and David Luttway

21   (collectively, "Pitco Foods").  Pitco Foods made the unfortunate mistake of buying products that

22   the Court assumes are counterfeit.  This was not an intentional act, Pitco Foods cooperated with

23   plaintiffs efforts to seize the products, and Pitco Foods turned over the products to plaintiffs.

24   Plaintiffs have not demonstrated that there is a reasonable likelihood that Pitco Foods will

25   purchase or possess any counterfeit products in the future.

26          The Court also found that plaintiffs have abused this Court's orders.  At a prior *ex parte*

27   hearing in this matter, plaintiffs portrayed defendants as members of a criminal enterprise.

28   Based on plaintiffs *ex parte* representations to the Court, and despite the Court's misgivings, the

     Court issued broad seizure and discovery orders.  Nonetheless, plaintiffs exceeded the

**United States District Court**
For the Northern District of California

boundaries of the seizure order and violated the terms of the discovery order. *First,* plaintiffs and their counsel falsely represented at two Pitco Foods stores that they had the authority to close the stores. Plaintiffs had no such authority. *Second*, plaintiffs' counsel and their private investigators demanded to look at driver's licenses of individual employees at the stores, despite the order's clear restriction that only law enforcement officials could ask to look at driver's licenses. *Third*, plaintiffs violated the three-day notice requirement in the expedited discovery order by giving only 24 hours' notice for depositions.

This order confirms that the temporary relief granted in No. C 12-05523 against Pitco Foods was dissolved as of the November 7 hearing. Specifically, the Court held the following:

The temporary restraining order issued against Pitco Foods on October 26 is **DISSOLVED**;

Plaintiffs request to preliminarily enjoin Pitco Foods is **DENIED**;

The October 26 gag order prohibiting Pitco Foods from communicating about the subject matter of this litigation is **DISSOLVED**;

The October 25 expedited discovery order is **DISSOLVED** as to Pitco Foods and plaintiffs may take no discovery from Pitco Foods prior to the parties' Rule 26(f) conference; and,

Pitco Foods may take expedited discovery from plaintiffs' counsel and private investigators regarding conduct during the seizure actions that may have violated this Court's orders.

**IT IS SO ORDERED.**

Dated:   November 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE