1  THE LAW OFFICES OF STEVEN A. ELIA, APC
   2221 Camino Del Rio South, Suite 207
2  San Diego, CA 92108

3  Tel:         (619) 444-2244
   Fax:         (619) 440-2233
4  E-mail:      steve@elialaw.com

5  Attorneys for Defendants Kevin Attiq and Fadi Attiq

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN FRANCISCO DIVISION**

10

11  INNOVATION VENTURES, LLC          )   Case No.      12-cv-5523-WHA
    *et al.*,                          )
12                                     )
             Plaintiffs,               )   ANSWER OF KEVIN ATTIQ AND FADI
13                                     )   ATTIQ TO PLAINTIFFS' SECOND
       Vs.                             )   AMENDED COMPLAINT
14                                     )
                                       )   The Hon. William Alsup
15  PITTSBURGH WHOLESALE               )
    GROCERS, INC. d/b/a PITCO FOODS,   )   Courtroom 8, 19th Floor
16  *et al.*,                          )
                                       )   Complaint Filed:    October 26, 2012
17         Defendants.                 )   Trial Date:         Not set
                                       )
18  ─────────────────────────────      )
                                       )
19  RELATED CROSS-ACTIONS              )
                                       )
20  ─────────────────────────────      )

21

22

23        Defendants Kevin Attiq and Fadi Attiq (collectively, the "Attiq Defendants") now give the

24  following answer to the Second Amended Complaint of Plaintiffs, who are Innovation Ventures,

25  LLC; Living Essentials, LLC; and International IP Holdings, LLP.

26  //

27  //

28  //

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT

# I. PLAINTIFFS' INTRODUCTORY ALLEGATIONS

1.      The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true, save that they admit that Plaintiffs have brought an anti-counterfeiting action against various Defendants.

2.      The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

3.      The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

4.      The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

5.      The Attiq Defendants deny the allegations set forth in this paragraph, save as follows: Dandee purchased and re-sold approximately 3,130,920 bottles of 5-Hour Energy from Midwest Wholesale Distributors, Inc. ("Midwest") during the period that ran from March to October, 2012.

6.      The Attiq Defendants deny the allegations set forth in this paragraph, save as follows: Dandee declined to make sales of 5-Hour Energy to two of Plaintiffs' investigators on October 24, 2012, and on October 29, 2012 it temporarily removed from its premises 5-Hour Energy products that it had received from Midwest, but shortly afterwards notified Plaintiffs of the existence of these products and promptly turned them over to Plaintiffs' investigators. Overwhelmed by Plaintiffs' seizure operation, and increasingly concerned about Midwest's operations, Dandee's officers did not know at first how to respond to Plaintiffs' raid, but Dandee fully complied with the seizure order as of November 1, 2012.

7.      The Attiq Defendants deny the allegations set forth in this paragraph, save as follows: They admit that in 2012 Dandee made substantial sales to the Pitco Defendants of 5-Hour Energy products that it had purchased from Midwest.  (The "Pitco Defendants" are Defendants Pittsburgh Wholesale Grocers, Inc. and Defendant Pacific Groservice, Inc.).

8.      The Attiq Defendants deny the allegations set forth in this paragraph, save as follows: The Pitco Defendants submitted several declarations made by its officers and employees at the hearing of November 1, 2012.  By these declarations, the Pitco Defendants affirmed that they had

1   not willfully or knowingly purchased, stocked or resold counterfeit versions of Plaintiffs' products.

2       9.      The Attiq Defendants deny the allegations set forth in this paragraph, save as follows:

3   At the hearing held by this Court on November 1, 2012 to determine whether to issue preliminary

4   injunctive relief, the Pitco Defendants' attorneys argued points of law and fact to the Court.  Their

5   statements appear in the transcript of the hearing of November 1, 2012.  Among other things, the

6   Pitco Defendants' attorneys argued at this hearing that the Pitco Defendants had submitted several

7   declarations made by its officers and employees, and that these declarations tended to demonstrate

8   that the Pitco Defendants had not willfully or knowingly purchased, stocked or resold counterfeit

9   versions of Plaintiffs' products.

10      10.     The Attiq Defendants deny the allegations set forth in this paragraph, save as follows:

11  Plaintiffs have accurately quoted an excerpt from an e-mail that one of Plaintiffs' employees sent to

12  an employee of the Pitco Defendants, but it is not clear whether they have quoted the excerpt out of

13  context.

14      11.     The Attiq Defendants lack sufficient information to admit or deny the allegations set

15  forth in this paragraph, and on this basis they deny that these allegations are true, save that they

16  admit having sold to the Pitco Defendants in 2012 substantial quantities of 5-Hour Energy products

17  that it had purchased from Midwest.

18      12.     The Attiq Defendants deny the allegations set forth in this paragraph, save as follows:

19  Dandee made various sales in 2012 to various customers of 5-Hour Energy products that it had

20  purchased from Midwest.

21      13.     The Attiq Defendants lack sufficient information to admit or deny the allegations set

22  forth in this paragraph, and on this basis they deny that these allegations are true.  The Attiq

23  Defendants understand that Plaintiffs served and enforced against Midwest a seizure order that was

24  issued in the case of *Innovation Ventures et al. v. Ultimate One Distributing Corp., et al.*, 12-Civ.-

25  5354 (KAM) (the "New York Action").

26      14.     The Attiq Defendants lack sufficient information to admit or deny the allegations set

27  forth in this paragraph, and on this basis they deny that these allegations are true, save that they

28  admit that Plaintiffs have brought an anti-counterfeiting action against various Defendants.

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                              -3-

## II.  THE PARTIES

15.     The Attiq Defendants admit the allegations set forth in first sentence of this paragraph, but lack sufficient information to admit or deny the allegations set forth in the second sentence of this paragraph.

16.     Admit.

17.     Admit

18.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

19.     Admit.

20.     Admit.

21.     Admit, save that Kevin Attiq and Fadi Attiq are two of the three shareholders of Dandee and also serve as its officers and directors.

22.     Admit.

23.     Admit.

24.     The Attiq Defendants admit only that Defendants Pittsburg Wholesale Grocers, Inc. and Pacific Groservice, Inc. hold themselves out as, and do business as, a single entity named "Pitco Foods," but it otherwise lack information sufficient to admit or deny the remaining allegations, which it therefore denies.

25.     Admit.

26.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

27.     Admit.

28.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

29.     Admit.

30.     Admit.

31.     Admit.

//

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                                    -4-

1   32.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

2   forth in this paragraph, and on this basis they deny that these allegations are true.

3   33.   Admit.

4   34.   Admit.

5   35.   Admit.

6   36.   Admit.

7   37.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

8   forth in this paragraph, and on this basis they deny that these allegations are true.

9   ### III.  JURISDICTION AND VENUE

10   38.   Admit.

11   39.   Admit.

12   40.   Admit.

13   41.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

14   forth in this paragraph, and on this basis they deny that these allegations are true, but it specifically

15   denies the accuracy of the following allegation:  "5-hour ENERGY® is formulated from a

16   proprietary recipe of vitamins and amino acids," which rather is a misleading description of 5-Hour

17   Energy products.

18   42.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

19   forth in this paragraph, and on this basis they deny that these allegations are true.

20   43.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

21   forth in this paragraph, and on this basis they deny that these allegations are true.

22   44.   Admit.

23   45.   Admit.

24   46.   Admit.

25   47.   Admit.

26   48.   Admit.

27   49.   Admit.

28   50.   Admit.

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -5-

51.     Admit.

52.     Admit.

53.     Admit, save as follows:  The Attiq Defendants deny that the 5-Hour Energy trademarks are suggestive and therefore inherently distinctive, but admit that they are descriptive and have acquired a secondary meaning.

54.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in the first sentence of this paragraph, and on this basis they deny that these allegations are true.  The Attiq Defendants admit the allegations set forth in the second sentence of this paragraph.

55.     Admit.

56.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

57.     Admit.

58.     Deny.

59.     The Attiq Defendants admit only that the 5-Hour Energy trademarks and trade dress serve to designate 5-Hour Energy products made and distributed by Innovative Ventures, LLC and Living Essentials, LLC.  The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

60.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

61.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

62.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

63.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

64.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

65.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

66.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

67.     The Attiq Defendants admit only that Plaintiffs, their attorneys and their investigators have conducted an extensive investigation and have initiated two substantial trademark litigations. The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

68.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

69.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

70.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

71.     The Attiq Defendants admit only that Plaintiffs' investigators made purchases of 5-Hour Energy products (authentic or allegedly counterfeit) at various locations while conducting their investigation.  The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

72.     The Attiq Defendants admit only that they and the other named parties have been named as Defendants in the present case.  The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

73.     Admitted, save that the Court's seizure order did not authorize Plaintiffs to detain allegedly counterfeit goods, but rather authorized Plaintiffs to assist law enforcement authorities to do so.

74.     The Attiq Defendants admit only that Plaintiffs executed the seizure order as alleged, but they otherwise lack sufficient information to admit or deny the allegations set forth in this

paragraph, and on this basis they deny that these remaining allegations are true.

75.     Admit, save that the Attiq Defendants do not understand what Plaintiffs mean by the term "enormous," nor do they have sufficient information to confirm or deny Plaintiffs' suspicions.

76.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

77.     Admit.

78.     Deny.

79.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

80.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

81.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

82.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

83.     The Attiq Defendants admit the allegations set forth in the first and third sentences of this paragraph, but lack sufficient information to admit or deny the allegations set forth in the second sentence of this paragraph.

84.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

85.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

86.     Admit.

87.     Admit.

88.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

89.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

90.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

91.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

92.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

93.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

94.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

95.     The Attiq Defendants admit only that Plaintiffs executed the seizure order, but otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

96.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

97.     The Attiq Defendants admit only that Plaintiffs executed the seizure order, but otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

98.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph.

99.     The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these remaining allegations are true.

100.    Admit.

101.    The Attiq Defendants lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

102.    Admit.

103.    Admit.

104.    The Attiq Defendants lack sufficient information to admit or deny the allegations set

1  forth in this paragraph, and on this basis they deny that these allegations are true.

2       105.   Admit.

3       106.   Admit.

4       107.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

5  forth in this paragraph, and on this basis they deny that these allegations are true.

6       108.   Admit.

7       109.   Admit.

8       110.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

9  forth in this paragraph, and on this basis they deny that these allegations are true.

10      111.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

11  forth in this paragraph, and on this basis they deny that these allegations are true.

12                    **IV.  PLAINTIFFS' FIRST CAUSE OF ACTION**

13      112.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants

14  can neither admit nor deny.

15      113.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

16  forth in this paragraph, and on this basis they deny that these allegations are true.

17      114.   The Attiq Defendants deny that they willfully infringed any of Plaintiffs' trademarks

18  or trade dress, and they otherwise lack sufficient information to admit or deny the allegations set

19  forth in this paragraph, and on this basis they deny that these allegations are true.

20      115.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

21  forth in this paragraph, and on this basis they deny that these allegations are true.

22      116.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

23  forth in this paragraph, and on this basis they deny that these allegations are true.

24      117.   The Attiq Defendants lack sufficient information to admit or deny the allegations set

25  forth in this paragraph, and on this basis they deny that these allegations are true.

26                    **V.  PLAINTIFFS' SECOND CAUSE OF ACTION**

27      118.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants

28  can neither admit nor deny.

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -10-

119.   The Attiq Defendants deny that they reproduced, counterfeited, copied or colorably imitated the trademarks or trade dress in question or that they conspired with any Defendant who did so.  The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

120.   The Attiq Defendants deny that they willfully infringed any of Plaintiffs' trademarks or trade dress, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

121.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

122.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

123.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

### VI.  PLAINTIFFS' THIRD CAUSE OF ACTION

124.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

125.   The Attiq Defendants deny that they induced any other Defendant to infringe any of Plaintiffs' trademarks or trade dress.  The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

126.   The Attiq Defendants deny that they continued to supply any product to any other Defendant with the knowledge that this Defendant was infringing any of Plaintiffs' trademarks or trade dress. The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true

127.   The Attiq Defendants deny that they failed to take reasonable precautions in order to prevent others from infringing Plaintiffs' trademarks and trade dress or that they owed any duty to do so. The Attiq Defendants otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

1    128.   The Attiq Defendants deny the allegations as to themselves and lack sufficient

2    information to admit or deny them as to the other Defendants, and therefore they deny these

3    allegations as to the other Defendants.

4    129.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

5    forth in this paragraph, and on this basis they deny that these allegations are true.

6    130.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

7    forth in this paragraph, and on this basis they deny that these allegations are true.

8    131.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

9    forth in this paragraph, and on this basis they deny that these allegations are true.

10   **VII.  PLAINTIFFS' FOURTH CAUSE OF ACTION**

11   132.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants

12   can neither admit nor deny.

13   133.   The Attiq Defendants deny that they willfully or knowingly engaged in the alleged

14   conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in

15   this paragraph, and on this basis they deny that these allegations are true.

16   134.   The Attiq Defendants deny that they willfully or knowingly engaged in the alleged

17   conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in

18   this paragraph, and on this basis they deny that these allegations are true.

19   135.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

20   forth in this paragraph, and on this basis they deny that these allegations are true.

21   136.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

22   forth in this paragraph, and on this basis they deny that these allegations are true.

23   137.   The Attiq Defendants lack information sufficient to admit or deny the allegations set

24   forth in this paragraph, and on this basis they deny that these allegations are true.

25   **VIII.  PLAINTIFFS' FIFTH CAUSE OF ACTION**

26   138.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants

27   can neither admit nor deny.

28   //

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -12-

139. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

140. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

141. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

142. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

143. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

144. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

## IX. PLAINTIFFS' SIXTH CAUSE OF ACTION

145. The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

146. Admit.

147. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

148. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

149. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

150.    The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

151.    The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

152.    The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

### X.  PLAINTIFFS' SEVENTH CAUSE OF ACTION

153.    The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

154.    Admit.

155.    Admit.

156.    The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

157.    The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

158.    The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

159.    Deny.

160.    Deny.

161.    The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

### XI.  PLAINTIFFS' EIGHTH CAUSE OF ACTION

162.    The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

//

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -14-

163. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

164. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

165. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

166. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

167. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

168. The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

## XII.  PLAINTIFFS' NINTH CAUSE OF ACTION

169. The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

170. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

171. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

172. The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

//

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -15-

173.   The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

174.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

## XIII.  PLAINTIFFS' TENTH CAUSE OF ACTION

175.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

176.   The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

177.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

178.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

179.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

## XIV.  PLAINTIFFS' ELEVENTH CAUSE OF ACTION

180.   The allegation is a boiler-plate incorporation by reference that the Attiq Defendants can neither admit nor deny.

181.   The Attiq Defendants deny that they willfully or knowingly engaged in the alleged conduct, and they otherwise lack sufficient information to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

182.   The Attiq Defendants lack information sufficient to admit or deny the allegations set forth in this paragraph, and on this basis they deny that these allegations are true.

## XV.  AFFIRMATIVE DEFENSES

In addition the foregoing, the Attiq Defendants assert the following affirmative defenses and preserve their right to supplement them with such other ones as are supported by subsequent

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                               -16-

1   disclosures and discovery in this case.

2       1.      Plaintiffs should take nothing because they come to this Court with unclean hands.

3   Among other things, they have misused the very trademarks, trade dress, and copyrights for which

4   they request this Court's intervention and protection, doing so in furtherance of an elaborate,

5   orchestrated, and massive marketing strategy by which they have systematically misled the general

6   public across the United States and elsewhere about the active components, nature, benefits and

7   health risks of their trademarked products.  The very trade name that they have registered gives a

8   misleading description of their products, as do their copyrighted warning, trade dress, and labeling in

9   general.  Moreover, Plaintiffs are mindful that their labeling and trade dress expressly make

10  materially misleading claims about their trademarked products – namely, that the energy rush

11  induced by their product gradually subsides with no "crashing" effect, and that the energy boost

12  induced by their product is somehow a salutary consequence of their "soon-to-be patented"

13  admixture of vitamin B and unspecified amino acids.  In fact, a substantial percentage of the

14  consumers of this product have experienced significant or severe "crashing."  Moreover, the energy

15  boost provided by the product does not provide five continuous hours of energy or stamina, but

16  rather provides an immediate jolt that might take hours to wind down because it is so intense, and it

17  is caused by a dangerous admixture of concentrated doses of caffeine that many users are likely to

18  over-consume because of the manner in which the caffeine is delivered and because of dosage of the

19  isolated caffeine.  Contrary to Plaintiffs' trademarks, trade dress, copyrighted legend, and marketing

20  campaign, their product is not healthy and does not provide "five hours" of steady, refreshing energy

21  with "no crash" at the end.  On the contrary, this product has directly caused and significantly

22  contributed to repeated instances of immediate death, heart attacks, cardiac arrests, seizures,

23  circulatory problems, respiratory problems, fainting, and other documented medical ailments.

24  Having used their trademarks, trade dress, copyrighted legend, labeling and branding to mislead the

25  public about the benefits, nature, character and hazards of their trademarked products, these

26  Plaintiffs are entitled to no relief under the Lanham Act or any other provision of federal or

27  California trademark law or unfair competition law.

28  //

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -17-

2.     Plaintiffs' claims are otherwise barred by the doctrine of unclean hands on equitable grounds.

3.     Plaintiffs' trademarks, as described, are descriptive.  They are distinctive, if at all, only by secondary meaning.  Their rights and remedies must be limited accordingly.

4.     The Attiq Defendants had no prior knowledge that any other Defendant had infringed any of the trademarks, trade dress or copyrighted legends placed in issue in this case.  At most they acted an innocent infringer within the meaning of 15 U.S.C.A. § 1114 (2) (a).

5.     Plaintiffs obtained their emergency discovery order, seizure order, and initial temporary protective order by misadvising this Court as to the identity of the registrant of the trademarks, trade dress and copyrights placed at issue in this case.  Their rights and remedies must be limited accordingly.

6.     Plaintiffs seized evidence from various Defendants in this case in a manner not authorized by 15 U.S.C. § 1116, nor allowed under the Court's Seizure Order of October 26, 2012.  Their rights and remedies must be limited accordingly.

7.     Plaintiffs' claims are barred because they have seized relevant evidence from various defendants in a manner not authorized by law, and they have failed to ensure a proper chain of custody by which the seized evidence is preserved for trial by an impartial public authority.  All of this evidence must be therefore excluded because it has been despoiled.

8.     Some or all of Plaintiffs' claims are barred under the fair-use doctrine.

9.     Plaintiffs  have failed to allege sufficient facts to state any claim for which relief can be granted and have failed to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Moreover, their boiler-plate allegations of conspiracy should be stricken.

10.     Each Defendant's alleged acts and omissions were inadvertent and the result of innocent mistake and/or bona fide error for which no liability can lie.

11.     If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the occurrence was directly and proximately caused by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others.

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                              -18-

12.     The damages alleged in the complaint were the result of the prior and intervening actions of others, and the Attiq Defendants committed no act or omission that was the proximate cause of any of these damages.

13.     Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

14.     If Plaintiffs prevail against any Defendant, the liability of each should be deemed several and limited to each Defendant's own actionable fault, if any.

15.     The Attiq Defendants owe no duty to any Plaintiff in connection with any of the matters set forth in the complaint, nor do they owe any duty to monitor, control or answer for the conduct of any third person in any of these matters.

16.     Plaintiffs acquiesced in and/or consented to the acts or omissions alleged in the complaint.

17.     The Attiq Defendants specifically deny that they acted with any willfulness, oppression, fraud, malice towards, or intent to injure Plaintiffs or others.

18.     If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the occurrence was directly and proximately caused by their own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

19.     If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the occurrence was directly and proximately caused not by the Attiq Defendants, but by others, whose breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct are responsible for Plaintiffs' losses, if any.

20.     Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

21.     Plaintiffs have failed to avoid or mitigate their claimed injuries and losses.

22.     The Attiq Defendants acted in good faith and in accordance with all applicable government laws and industry standards, so that Plaintiffs are barred from obtaining any recovery from them.

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                    -19-

23.     Plaintiffs' claims, as pled, are uncertain, ambiguous and unintelligible.

24.     Any wrongful conduct or negligent act committed by any other legal person in this action did not occur within the scope of an agency relationship between this person and the Attiq Defendants, who therefore cannot be held liable for the alleged wrongful conduct or negligent act.

25.     Section 3294 of the California Civil Code, under which Plaintiffs seek punitive damages, is unconstitutional on its face and because of the manner in which Plaintiffs have invoked it to support their express demand for punitive damages of "not less than $25 million."  By seeking punitive damages on this basis, Plaintiffs have violated the Attiq Defendants' civil rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and also under Article I, Sections 7, 9, 10, 15 and 17, and Article IV, Sections 2 and 16 of the California Constitution.

26.     The complaint fails to state any basis for injunctive relief because it fails to plead continuing acts, the threat of irreparable harm, or the inadequacy of a legal remedy.

The Attiq Defendants may seek leave at a later stage of these proceedings to assert additional affirmative defenses.

WHEREFORE, the Attiq Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by their complaint.

2.     That the complaint be dismissed with prejudice.

3.     For costs of suit;

4.     For attorneys' fees, if authorized by statute, and according to proof;

5.     For such further relief as the Court deems to be appropriate under the circumstances of this case.

Respectfully submitted,

Dated:  January 23, 2013

/s/ Steven Elia
_____
Steven Elia
THE LAW OFFICES OF STEVEN A. ELIA, APC
Attorney for Defendants Kevin Attiq and Fadi Attiq

ANSWER OF KEVIN ATTIQ AND FADI ATTIQ TO
PLAINTIFFS' SECOND AMENDED COMPLAINT                                        -20-

## VERIFICATION OF KEVIN ATTIQ

I, the undersigned, give this verification on my own behalf.

I have read the foregoing Answer of Fadi Attiq and Kevin Attiq to Plaintiffs' Second Amended Complaint and know its contents. I affirm that this Answer is true and correct to the best of my information, knowledge or belief. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on January 22, 2013.


Kevin Attiq

-1-

01/22/2013  17:34  6194427580  DAN DEE COMPANY  PAGE 01/03

## VERIFICATION OF FADI ATTIQ

I, the undersigned, give this verification on my own behalf.

I have read the foregoing Answer of Fadi Attiq and Kevin Attiq to Plaintiffs' Second Amended Complaint and know its contents. I affirm that this Answer is true and correct to the best of my information, knowledge or belief. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on January 22, 2013.

_Fadi Attiq_

Fadi Attiq

-1-

VERIFICATION OF FADI ATTIQ
Case No.: C-12-5523-WHA