1  Gregory A. Vega, Esq. (SBN 141477)
2  David M. Greeley, Esq. (SBN 198520)
   James R. Thompson, Esq. (SBN 260083)
3  SELTZER CAPLAN McMAHON VITEK
   A Law Corporation
4  750 B Street, Suite 2100
   San Diego, California 92101-8177
5  Telephone: (619) 685-3003
   Facsimile: (619) 685-3100
6  E-Mail: vega@scmv.com, greeley@scmv.com,
   thompson@scmv.com
7
8  Attorneys for Third-Party Defendants and Cross-
   Claimants TRADEWAY INT'L, INC. (D/B/A BAJA
   EXPORTING), JOSEPH SHAYOTA, ADRIANA
9  SHAYOTA

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 (SAN FRANCISCO DIVISION)

13 | INNOVATION VENTURES, LLC and | Case No. 3-12-cv-05523-WHA
   | LIVING ESSENTIALS, LLC, |
14 | |
   | | **ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM FOR EQUITABLE INDEMNITY AND EQUITABLE CONTRIBUTION AGAINST DANDEE COMPANY INC., MIDWEST WHOLESALE DISTRIBUTORS, MCR INNOVATIONS & TECHNOLOGY, MCR PRINTING & PACKAGING, J.T. WHOLESALE, INC. TRI-MEXICO, INC., MARIO RAMIREZ, WALID JAMIL, RAID JAMIL, JUSTIN SHAYOTA, KEVIN ATTIQ**
15 |            Plaintiffs, |
16 |        v. |
17 | PITTSBURG WHOLESALE GROCERS, |
   | INC. d/b/a PITCO FOODS, et al., |
18 | |
19 |            Defendants. |
20 | |
   | DANDEE COMPANY, INC., |
21 | |
   |        Third-Party Plaintiff, |
22 | | **DEMAND FOR JURY TRIAL**
23 |        v. |
   | | Dept.:        8
24 | WALID JAMIL; RAID ("BRIAN") JAMIL; | Judge:        Hon. William Alsup
   | JUSTIN SHAYOTA; MIDWEST |
25 | WHOLESALE DISTRIBUTORS, INC.; JT | Trial Date:        January 13, 2014
   | WHOLESALE, INC.; JOE SHAYOTA; | Complaint Filed:   October 26, 2012
26 | ADRIANA SHAYOTA; BAJA |
   | EXPORTING, LLC; TRADEWAY |
27 | INTERNATIONAL, INC. (D/B/A BAJA |
   | EXPORTING); TRIMEXICO, INC.; |
28 | MARIO RAMIREZ; CAMILO RAMIREZ; |

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

1  MCR INNOVATIONS AND PACKAGING,
   INC.; MCR PRINTING & PACKAGING
2  CORP.; NAFTAUNITED.COM; JORGE
   NAVARRO; ONE STOP LABEL
3  CORPORATION; LESLIE ROMAN;
   DONNA ROMAN; FLEXOPACK; JUAN
4  ROMERO GUTIERREZ; NUTRITION
   PRIVATE LABEL, INC.; and ADVANCED
5  NUTRACEUTICAL MANUFACTURING,
   INC.,
6

7          Third-Party Defendants.

8

9  _____

   JOSPEH SHAYOTA, ADRIANA
10 SHAYOTA, AND BAJA INT'L INC. DBA
   BAJA EXPORTING,
11

12         Cross-Claimants,

13     v.

14 WALID JAMIL; RAID ("BRIAN") JAMIL;
   JUSTIN SHAYOTA; MARIO RAMIREZ;
15 KEVIN ATTIQ; MIDWEST WHOLESALE
   DISTRIBUTORS, INC.; JT WHOLESALE,
16 INC.; TRIMEXICO, INC. DBA TRI-MEX
   DISTRIBUTORS, INC.; MCR
17 INNOVATIONS AND PACKAGING, INC.;
   MCR PRINTING & PACKAGING CORP.;
18 NAFTAUNITED.COM; DANDEE
   COMPANY, INC.
19

20         Cross- Defendants.

21 _____

22     COMES NOW Third-Party Defendants, TRADEWAY INT'L, INC. (D/B/A BAJA

23 EXPORTING), JOSEPH SHAYOTA and ADRIANA SHAYOTA (collectively, the "Baja

24 Defendants" or "responding parties") and hereby answer DanDee Company, Inc.'s ("DanDee")

25 First Amended Third-Party Complaint ("DanDee Complaint") as follows:

26

27

28

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

1

## RESPONSES TO ALLEGATIONS IN THE
## FIRST AMENDED THIRD-PARTY COMPLAINT

2

3    As to the Concise Statement of DanDee's Third Party Claims on pages 2 and 3,

4    responding parties deny the allegations as to themselves and lack sufficient information to

5    admit or deny the allegations as to others, and on that basis deny such remaining allegations.

6    1.    Responding parties admit ¶ 1.

7    2.    Responding parties admit ¶ 2.

8    3.    Responding parties admit ¶ 3.

9    4.    Responding parties admit that Walid Jamil is an individual.  Responding parties

10   lack sufficient information either to admit or deny the remaining allegations and therefore deny

11   the remaining allegations of ¶ 4.

12   5.    Responding parties admit that Brian Jamil is an individual who maintains his

13   principal domicile in Michigan.   Responding parties lack sufficient information either to admit

14   or deny the remaining allegations and therefore deny the remaining allegations of ¶ 5.

15   6.    Responding parties lack sufficient information to admit or deny the allegations in

16   ¶ 6 and therefore deny these allegations.

17   7.    Responding parties lack sufficient information to admit or deny the allegations in

18   ¶ 7 and therefore deny these allegations.

19   8.    Responding parties lack sufficient information to admit or deny the allegations in

20   ¶ 8 and therefore deny these allegations.

21   9.    Responding parties lack sufficient information to admit or deny the allegations in

22   ¶ 9 and therefore deny these allegations.

23   10.   Responding parties admit ¶ 10.

24   11.   Responding parties admit ¶ 11.

25   12.   Responding parties deny ¶12.

26   13.   Responding parties admit ¶13 as to Tradeway Int'l Inc. dba Baja Exporting.

27   14.   Responding parties admit the allegations of ¶ 14 except as to whether Mario

28   Ramirez is subject to the long-arm jurisdiction of this judicial district; responding parties lack

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-
CLAIM

sufficient information to admit or deny that allegation and therefore deny that allegation.

15.     Responding parties admit the allegations of ¶ 15 except as to whether such party is subject to the long-arm jurisdiction of this judicial district; responding parties lack sufficient information to admit or deny that allegation and therefore deny that allegation.

16.     Responding parties admit that MCR Innovations & Packaging is a California corporation that maintains minimal contacts with the State of California; responding parties lack sufficient information to admit or deny the remaining allegations of ¶16 and therefore deny these allegations.

17.     Responding parties admit that MCR Printing & Packaging is a California corporation that maintains minimal contacts with the State of California; responding parties lack sufficient information to admit or deny the remaining allegations of ¶17 and therefore deny these allegations.

18.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 18 and therefore deny these allegations.

19.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 19 and therefore deny these allegations.

20.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 20 and therefore deny these allegations.

21.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 21 and therefore deny these allegations.

22.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 22 and therefore deny these allegations.

23.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 23 and therefore deny these allegations.

24.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 24 and therefore deny these allegations.

25.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 25 and therefore deny these allegations.

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

1    26.    Responding parties lack sufficient information to admit or deny the allegations in

2  ¶ 26 and therefore deny these allegations.

3    27.    Responding parties lack sufficient information to admit or deny the allegations in

4  ¶ 27 and therefore deny these allegations.

5    28.    Responding parties lack sufficient information to admit or deny the allegations in

6  ¶ 28 and therefore deny these allegations.

7    29.    Responding parties lack sufficient information to admit or deny the allegations in

8  ¶ 29 and therefore deny these allegations.

9    30.    Responding parties lack sufficient information to admit or deny the allegations in

10  ¶ 30 and therefore deny these allegations.

11    31.    Responding parties lack sufficient information to admit or deny the allegations in

12  ¶ 31 and therefore deny these allegations.

13    32.    Responding parties lack sufficient information to admit or deny the allegations in

14  ¶ 32 and therefore deny these allegations.

15    33.    Responding parties lack sufficient information to admit or deny the allegations in

16  ¶ 33 and therefore deny these allegations.

17    34.    Responding parties lack sufficient information to admit or deny the allegations in

18  ¶ 34 and therefore deny these allegations.

19    35.    Responding parties lack sufficient information to admit or deny the allegations in

20  ¶ 35 and therefore deny these allegations.

21    36.    Responding parties lack sufficient information to admit or deny the allegations in

22  ¶ 36 and therefore deny these allegations.

23    37.    Responding parties lack sufficient information to admit or deny the allegations in

24  ¶ 37 and therefore deny these allegations.

25    38.    Responding parties lack sufficient information to admit or deny the allegations in

26  ¶ 38 and therefore deny these allegations.

27    39.    Responding parties lack sufficient information to admit or deny the allegations in

28  ¶ 39 and therefore deny these allegations.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

40.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 40 and therefore deny these allegations.

41.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 41 and therefore deny these allegations.

42.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 42 and therefore deny these allegations.

43.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 43 and therefore deny these allegations.

44.     Responding parties admit that DanDee sold 5-hour products obtained from Midwest to various distributors; except as expressly admitted, responding parties deny the allegations contained in ¶ 44.

45.     On information and belief, Responding parties admit ¶ 45.

46.     On information and belief, Responding parties admit ¶ 46.

47.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 47 and therefore deny these allegations.

48.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 48 and therefore deny these allegations.

49.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 49 and therefore deny these allegations.

50.     On information and belief, responding parties admit the allegations of ¶ 50.

51.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 51 and therefore deny these allegations.

52.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 52 and therefore deny these allegations.

53.      Responding parties lack sufficient information to admit or deny the allegations in ¶ 53 and therefore deny these allegations.

54.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 54 and therefore deny these allegations.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

55.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 55 and therefore deny these allegations.

56.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 56 and therefore deny these allegations.

57.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 57 and therefore deny these allegations.

58.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 58 and therefore deny these allegations.

59.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 59 and therefore deny these allegations.

60.     Responding parties deny the allegations of ¶ 60 as to themselves; responding parties lack sufficient information to admit or deny the allegations in ¶ 60 as they pertain to persons other than the responding parties and therefore deny these allegations.

61.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 61 and therefore deny these allegations.

62.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 62 and therefore deny these allegations.

63.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 63 and therefore deny these allegations.

64.     Responding parties admit that Plaintiffs made allegations as set forth in ¶ 64 but deny these allegations.

65.     Responding parties deny they conspired with anyone in order to defraud DanDee and refuse to respond to the hypothetical nature of the allegation and on these bases deny the allegations of ¶ 65.

66.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 66 and therefore deny these allegations.

67.     Responding parties incorporate by reference their responses to the preceding allegations.

68.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 68 and therefore deny these allegations.

69.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 69 and therefore deny these allegations.

70.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 70 and therefore deny these allegations.

71.     Responding parties deny the allegations of ¶ 71 as to themselves; responding parties lack sufficient information to admit or deny the allegations in ¶ 71 as they pertain to persons other than the responding parties and therefore deny these allegations.

72.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 72 and therefore deny these allegations.

73.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 73 and therefore deny these allegations.

74.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 74 and therefore deny these allegations.

75.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 75 and therefore deny these allegations.

76.     Responding parties, on information and belief, admit that DanDee sold such products to defendants in this action and to defendants in the action pending in New York, and that Plaintiffs contend such products are counterfeit.  Except as expressly admitted, responding parties lack sufficient information to admit or deny the allegations in ¶ 76 and therefore deny these remaining allegations.

77.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 77 and therefore deny these allegations.

78.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 78 and therefore deny these allegations.

79.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 79 and therefore deny these allegations.

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

80. Responding parties admit that DanDee purchased 5-hour product from Midwest. As to the remaining allegations, responding parties lack sufficient information to admit or deny the remaining allegations in ¶ 80 and therefore deny these allegations.

81. Responding parties lack sufficient information to admit or deny the allegations in ¶ 81 and therefore deny these allegations.

82. Responding parties lack sufficient information to admit or deny the allegations in ¶ 82 and therefore deny these allegations.

83. Responding parties lack sufficient information to admit or deny the allegations in ¶ 83 and therefore deny these allegations.

84. Responding parties lack sufficient information to admit or deny the allegations in ¶ 84 and therefore deny these allegations.

85. Responding parties lack sufficient information to admit or deny the allegations in ¶ 85 and therefore deny these allegations.

86. Responding parties lack sufficient information to admit or deny the allegations in ¶ 86 and therefore deny these allegations.

87. Responding parties incorporate by reference their responses to ¶¶ 1-86.

88. Responding parties lack sufficient information to admit or deny the allegations in ¶ 88 and therefore deny these allegations.

89. Responding parties lack sufficient information to admit or deny the allegations in ¶ 89 and therefore deny these allegations.

90. Responding parties lack sufficient information to admit or deny the allegations in ¶ 90 and therefore deny these allegations.

91. Responding parties lack sufficient information to admit or deny the allegations in ¶ 91 and therefore deny these allegations.

92. Responding parties lack sufficient information to admit or deny the allegations in ¶ 92 and therefore deny these allegations.

93. Responding parties incorporate by reference their responses to ¶¶ 1-92.

94. Responding parties lack sufficient information to admit or deny the allegations in

¶ 94 and therefore deny these allegations.

95.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 95 and therefore deny these allegations.

96.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 96 and therefore deny these allegations.

97.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 97 and therefore deny these allegations.

98.     Responding parties incorporate by reference their responses to ¶¶ 1-97.

99.     Responding parties lack sufficient information to admit or deny the allegations in ¶ 99 and therefore deny these allegations.

100.    Responding parties lack sufficient information to admit or deny the allegations in ¶ 100 and therefore deny these allegations.

101.    Responding parties lack sufficient information to admit or deny the allegations in ¶ 101 and therefore deny these allegations.

102.    Responding parties lack sufficient information to admit or deny the allegations in ¶ 102 and therefore deny these allegations.

103.    Responding parties incorporate by reference their responses to ¶¶ 1-102.

104.    As to themselves, responding parties deny the allegations of ¶ 104; as to the remaining allegations of this paragraph, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

105.    As to themselves, responding parties deny the allegations of ¶ 105; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

106.    As to themselves, responding parties deny the allegations of ¶ 106; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

107.    As to themselves, responding parties deny the allegations of  ¶ 107; as to the remaining allegations, responding parties lack sufficient information to admit or deny and

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

therefore deny such allegations.

108.   As to themselves, responding parties deny the allegations of  ¶ 108; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

109.   Responding parties incorporate by reference their responses to ¶¶ 1-108.

110.   As to themselves, responding parties deny the allegations of ¶ 110; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

111.   As to themselves, responding parties deny the allegations of ¶ 111; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

112.   As to themselves, responding parties deny the allegations of ¶ 112; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

113.   As to themselves, responding parties deny the allegations of ¶ 113; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

114.   Responding parties incorporate by reference their responses to ¶¶ 1-113.

115.   As to themselves, responding parties deny the allegations of ¶ 115; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

116.   As to themselves, responding parties deny the allegations of ¶ 116; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

117.   Responding parties incorporate by reference their responses to ¶¶ 1-116.

118.   As to themselves, responding parties deny the allegations of ¶ 118; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

11

119.   As to themselves, responding parties deny the allegations of ¶ 119; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

120.   Responding parties incorporate by reference their responses to ¶¶ 1-119.

121.   As to themselves, responding parties deny the allegations of ¶ 121; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

122.   As to themselves, responding parties deny the allegations of ¶ 122; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

## AFFIRMATIVE DEFENSES

Baja Defendants allege the following as separate and affirmative defenses to the cause of action set forth in the DanDee Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Baja Defendants allege that the DanDee Complaint, and each claim for relief therein, fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Baja Defendants allege that, if it is shown that DanDee willfully or intentionally engaged in the distribution of counterfeit product, then DanDee should be estopped from pursuing its claims against responding parties.

## THIRD AFFIRMATIVE DEFENSE
### (Offset)

Baja Defendants allege that DanDee's claims are subject to offsets.

Case No. 12-cv-5523-WHA

ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Baja Defendants allege that, if it is shown that DanDee willfully or intentionally engaged in the distribution of counterfeit product, then DanDee's claims should be precluded because DanDee would be coming to this Court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence and Comparative Fault)

If Plaintiffs prove some or all of their claims against DanDee, then DanDee's claims would be barred in whole or in part pursuant to the doctrines of contributory negligence and comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

DanDee lacks standing to pursue some or all of its claims.  Specifically, DanDee lacks standing to pursue its fifth and sixth causes of action for false labeling and false advertising, because DanDee has not alleged that it suffered a competitive injury and cannot make such an allegation here.

## SEVENTH AFFIRMATIVE DEFENSE
### (Innocent intent)

In the event the Baja Defendants are found to have violated any rights of DanDee's, which the Baja Defendants deny, such violations were done with innocent intent and were not willful or intentional.

## EIGHTH AFFIRMATIVE DEFENSE
### (Indemnification and Contribution)

In the event the Baja Defendants are found to have violated any rights of DanDee's, which Baja Defendants deny, the Baja Defendants are entitled to equitable indemnity and contribution from tortfeasors.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

## NINTH AFFIRMATIVE DEFENSE
**(Improper Venue)**

Venue is improper in this Court.

## TENTH AFFIRMATIVE DEFENSE
**(Federal Preemption)**

DanDee's state law claims in whole or in part are pre-empted by federal law.

## ELEVENTH AFFIRMATIVE DEFENSE
**(Damages Speculative)**

The damages DanDee seeks are speculative.

## TWELFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

DanDee has failed to mitigate any damages to which it alleges it has suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE
**(Waiver)**

DanDee's claims are barred by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(Incorporation by Reference of DanDee's Defenses to Plaintiffs' Operative Complaint)**

Pursuant to Federal Rules of Civil procedure, Rule 14(a)(2)(C), Baja Defendants assert against the Plaintiffs all of the affirmative defenses to Plaintiffs' operative complaint that DanDee has raised in its operative answer.

## FIFTEENTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

Baja Defendants reserve the right to amend this answer and assert additional affirmative defenses as they learn new information through discovery.

**WHEREFORE**, Baja Defendants pray as follows:

a.     That DanDee takes nothing by way of its First Amended Third-Party Complaint;

b.     That judgment be entered in favor of the Baja Defendants and against DanDee Company, Inc.

c.      That Baja Defendants be awarded their costs of suit incurred herein; and

d.      For such other and further relief as the Court deems just and proper.

Dated: March 22, 2013                SELTZER CAPLAN McMAHON VITEK
                                     A Law Corporation


                        By:    /s/ James R. Thompson, Esq.
                               Gregory A. Vega, Esq.
                               David M. Greeley, Esq.
                               James R. Thompson, Esq.
                               Attorneys for Third-Party Defendants and Cross-
                               Claimants TRADEWAY INT'L, INC. (D/B/A
                               BAJA EXPORTING); JOSEPH SHAYOTA, AND
                               ADRIANA SHAYOTA

## CROSS-CLAIMS

Pursuant to Federal Rules of Civil Procedure, Rules 13 and 14, the Baja Defendants hereby allege cross-claims for equitable indemnity, contribution and violation of Business & Professions Code section 17200 against defendant and third party plaintiff DanDee, against defendant and cross-complainant Kevin Attiq and against third party defendants Walid Jamil, Raid Jamil, Justin Shayota, Mario Ramirez, Midwest Wholesale Distributors, Inc., MCR Innovations & Packaging, Inc., MCR Printing & Packaging Corp., JT Wholesale, Inc., Trimexico, Inc. (d/b/a Tri-Mex Distributors, Inc.), and Naftaunited.com as set forth below.

## PARTIES

1.      Tradeway Int'l, Inc. is a California corporation dba Baja Exporting ("Baja Exporting") with its principal place of business in San Diego, California.

2.      Joseph Shayota is an individual residing in San Diego California and is an employee of Baja Exporting.

3.      Adriana Shayota is an individual residing in San Diego, California and is an officer of Baja Exporting.

4.      Cross-Defendant Walid Jamil is an individual who lives in Michigan, but who has had and continues to have sufficient contacts with California to be subject to general and specific jurisdiction in California as well as in this federal judicial district.

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

5. Cross-Defendant Raid ("Brian") Jamil is an individual who lives in Michigan, but who has had and continues to have sufficient contacts with California to be subject to general and specific jurisdiction in California as well as in this federal judicial district.

6. Cross-Defendant Justin Shayota ("Justin") is an individual who currently lives in Michigan, but who has had and continues to have sufficient contacts with California to be subject to general and specific jurisdiction in California as well as the courts of this federal judicial district.

7. Cross-Defendant Midwest Wholesale Distributors, Inc. ("Midwest") is a Michigan corporation that maintains its business headquarters in Michigan and has conducted sufficient business operations in California to subject it to personal jurisdiction in California as well as in this federal judicial district.

8. Cross-Defendant Trimexico, Inc. (d/b/a Tri-Mex Distributors, Inc.) ("Tri-Mex") is a California corporation, but whose status is now suspended. Tri-Mex otherwise maintains or has maintained sufficient contacts with California to be subject to personal jurisdiction in California as well as in this federal judicial district.

9. Cross-Defendant JT Wholesale, Inc. ("JT Wholesale") is a California corporation that maintains or maintained at times relevant to the subject matter of the third party complaint a principal place of business in California. JT Wholesale otherwise maintains requisite minimal contacts with the state of California to be subject to personal jurisdiction in California as well as in this federal judicial district.

10. Cross-Defendant Mario Ramirez is an individual who resides in California and maintains requisite minimal contacts with the state of California so as to be subject personal jurisdiction in the state courts of California as well as in this federal judicial district.

11. Cross-Defendant MCR Innovations and Packaging, Inc. ("MCR") is a California corporation that maintains its business headquarters in California, and otherwise maintains requisite minimal contacts with the state of California so as to be subject to personal jurisdiction in the state courts of California as well as in this federal judicial district. MCR at all relevant times maintained a manufacturing facility in Tijuana, Mexico.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

12.     Cross-Defendant NaftaUnited.com ("NaftaUnited") is a California corporation that maintains its business headquarters and conducts its business operations in California and otherwise maintains sufficient contacts with the state of California to be subject to personal jurisdiction in the state courts of California as well as in this federal judicial district.

13.     Cross-Defendant MCR Printing & Packaging Corp. ("MCR Printing") is a California corporation that maintains its business headquarters and conducts its business operations in California and otherwise maintains requisite minimal contacts with the state of California so as to be subject to personal jurisdiction in the state courts of California as well as the courts of this federal judicial district.  MCR Printing maintained at all relevant times a manufacturing facility in Tecate, Mexico where there was manufacturing equipment such as a blow molder, thermoformer and injection molder.

14.     The Baja Defendants allege on information and belief that Walid Jamil, Raid Jamil, Justin Shayota, MCR, MCR Printing, Mario Ramirez, JT Wholesale, Tri-Mex, and NaftaUnited operated as a single business venture, moving money and other assets between and among the various entities, to funds projects as needed.  The cross-defendants set forth in this paragraph, collectively, shall be referred to herein as the "MCR Cross-Defendants."

15.     Cross-Defendant DanDee Company, Inc., a California corporation ("DanDee") maintains its business headquarters in San Diego, California and otherwise maintains requisite minimal contacts with the state of California so as to be subject to personal jurisdiction in the state courts of California as well as in this federal judicial district.

16.     Cross-Defendant Kevin Attiq maintains his domicile in San Diego, California and otherwise maintains requisite minimal contacts with the state of California so as to be subject to personal jurisdiction in the state courts of California as well as in this federal judicial district.

17.     DanDee and Kevin Attiq shall be referred to herein as the "DanDee Cross-Defendants."

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

**THE ACTION PENDING IN NEW YORK**

18.     In an action filed October 25, 2012 and pending in the Eastern District of New York ("EDNY Action"), Case No. 12-cv-05354 (KAM-RLM), plaintiffs INNOVATION VENTURES, LLC; LIVING ESSENTIALS, LLC; and INTERNATIONAL IP HOLDINGS, LLC, ("Plaintiffs") have asserted in the operative Seventh Amended Complaint ("EDNY Complaint") eleven causes of action grounded in alleged trademark infringement against ULTIMATE ONE DISTRIBUTING CORP.; GULAM NAJIMI, a.k.a. GHULAMALI ALI NAJIMI; WALLY NAJIMI, a.k.a. AHMED WALLY NAJIMI; EXCEL WHOLESALE DISTRIBUTORS, INC.; FARID TURSONZADAH, a.k.a. FARID TURSON; CORE-MARK INTERNATIONAL, INC.; RICHMOND WHOLESALE COMPANY, INC.; SAQUIB KHAN; CVS CAREMARK CORP.; 7-ELEVEN STORE #11152; 7-ELEVEN STORE #25449c-2422; 7-ELEVEN STORE #11168f-2422; 7-ELEVEN STORE #11181; 7-ELEVEN STORE #32760; 7-ELEVEN STORE #23407; PRESTIGE MOBIL; KAIVAL DELI & CATERING; HEIGHTS DELI AND COMPANY; VALERO RETAIL HOLDINGS, INC.; NEW ISLAND DELI; NEVINS GOURMET; DELTA DISTRIBUTION SERVICES CORP.; SULAIMAN S. AAMIR; BROTHERS TRADING CO., INC. d/b/a VICTORY WHOLESALE GROCERS; QUALITY KING DISTRIBUTORS, INC.; BASELINE DISTRIBUTION, INC.; DAVID FLOOD; MIDWEST WHOLESALE DISTRIBUTORS; JUSTIN SHAYOTA; MOA TRADING, INC.; DAVID K. LEE; CAPITAL SALES COMPANY; WALID JAMIL, a.k.a. WALLY JAMIL; PRICE MASTER CORP.; ABDUL SATAR NAJIMI; FOOD DISTRIBUTORS INTERNATIONAL, INC.; SCOTT TILBROOK; ELEGANT TRADING, INC.; AHMED BHIMANI; EMPIRE TRADE WHOLESALE CORP.; TOP CHOICE TRADING USA, INC.; UNIVERSAL WHOLESALE, INC.; JOSEPH SEVANY, SR. a.k.a. JOE ZAITOUNA; BAJA EXPORTING, LLC; JOSEPH SHAYOTA; TRADEWAY INTERNATIONAL, INC. d/b/a BAJA EXPORTING; PURITY WHOLESALE GROCERS, INC.; SHAH DISTRIBUTORS, INC.; ARVIND SHAH; STEERFORTH TRADING, INC., a.k.a.  STEER FORTH TRADING, INC.; ISAAC ANZAROOT; JT WHOLESALE, INC.; MCR INNOVATIONS AND PACKAGING, INC.; MCR PRINTING AND PACKAGING CORP.; RAID JAMIL, a.k.a. BRIAN JAMIL; MARIO RAMIREZ; CAMILO RAMIREZ; TRIMEXICO INC.; ADRIANA SHAYOTA; ONE STOP LABEL

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA

ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

CORPORATION; LESLIE ROMAN; FLEXOPACK; DONNA ROMAN; NAFTAUNITED.COM; JUAN ROMERO GUTIERREZ a.k.a. JUAN ROMERO; ADVANCED NUTRACEUTICAL MANUFACTURING LLC; NUTRITION PRIVATE LABEL, INC.; AKSHAR SERVICES LLC a.k.a. PERFUME SHOWER; MIKE WHOLESALE, a.k.a. MIKES-WHOLESALE.COM.  Plaintiffs have asserted causes of action for: (1) Federal Trademark Infringement (15 U.S.C. § 1141(1)(a); (2) Federal Trademark Infringement (15 U.S.C. § 1114(1)(b); (3) Contributory Trademark Infringement; (4) False Description and Designation of Origin in Commerce (15 U.S.C. § 1125(a)(1)(A); (5) Federal False Advertising (15 U.S.C. § 1125(a)(1)(B); (6) Federal Dilution of Mark (15 U.S.C. § 112(c); (7) Federal Copyright Infringement (17 U.S.C. § 106); (8) New York Dilution of Mark and Injury to Business Reputation (N.Y. Gen. Bus. Law § 360); (9) New York Deceptive Business Practices (N.Y. Gen. Bus. Law § 349); (10) Common Law Unfair Competition; and (11) Common law Unjust Enrichment.

## RELEVANT PROCEDURAL HISTORY OF THIS ACTION

19.    On October 26, 2012, Plaintiffs Innovations Ventures LLC and Living Essentials LLC filed this action against DanDee and others, asserting against different defendants essentially the same claims as asserted in the EDNY Action.

20.    On January 23, 2013, DanDee filed its first amended third party complaint against the Baja Defendants and others who had been named as defendants in the EDNY Action but not this action.    On the same day, the principals of DanDee, Fadi Attiq and Kevin Attiq, filed a cross-complaint against the same defendants named in the DanDee first amended third party complaint for equitable indemnity and contribution.

## JURISDICTION AND VENUE

21.    The Court has supplemental jurisdiction over the Baja Defendants' cross-claims under 28 U.S.C. § 1367.  The Baja Defendants' cross-claims arise out of the same transactions and occurrences that are the subject matter of the action filed by Plaintiffs and the operative third party complaint by DanDee.

22.    The Court has personal jurisdiction over each of the cross-defendants because each either resides or is domiciled in California or is subject to California's long-arm statute

Case No. 12-cv-5523-WHA

ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

such that each of the cross-defendants has conducted business or engaged in commerce in this judicial district or has sufficient minimum contacts with the forum state.

23.     Venue is proper because the Court has already accepted venue.

### FACTUAL ALLEGATIONS

24.     Baja Exporting is a wholesale grocer.  Joseph and Adriana Shayota are married and operate Baja Exporting.

25.     MCR Cross-Defendant Walid Jamil is the cousin of Joseph Shayota; MCR Cross-Defendant Justin Shayota is the nephew of Joseph Shayota.

26.     Wally Jamil and Joseph Shayota had been friends and business partners until a falling out in 1999.  Joseph Shayota and Wally Jamil reunited at the funeral of Walid Jamil's sister, who had been married to Joseph Shayota's twin brother, in April 2011.  Soon thereafter, Walid Jamil introduced Joseph Shayota to his new business partner Mario Ramirez.  Walid Jamil said that he along with his brother Raid (Brian) Jamil were shareholders in MCR Innovations & Packaging (MCR), which operated a manufacturing facility in Tijuana.  In addition, MCR had a distribution facility in an area of San Diego along the border with Mexico known as Otay Mesa, located at 7920 Airway Dr., Suite A-1, San Diego, California.  Walid Jamil represented to Joseph Shayota that he had been in business with Mario Ramirez (the majority shareholder of MCR) for several years.   Midwest had "sublet" its warehouse space to MCR at 7920 Airway Dr., Suite A-1, where the MCR Defendants headquartered their operations.

27.     During the weeks and months that followed the funeral, Walid Jamil told Joseph Shayota that he had recently been in bankruptcy and needed to get back on his feet.  Baja Exporting loaned Walid Jamil money to get him started in the wholesale grocery business again.  Walid Jamil told Joseph Shayota that he was purchasing groceries wholesale and selling the groceries, including 5-Hour energy drink. The Shayotas did not know or suspect that the MCR Defendants were purportedly, according to Plaintiffs' allegations in the EDNY Action, counterfeiting 5-hour energy drink.

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

28.     Walid Jamil repaid some but not all of the money he owed Baja Exporting. Walid Jamil offered to repay Baja Exporting in 5-Hour Energy product.   Between mid-September and mid-October 2012, Jamil provided Baja Exporting product.   Baja Exporting would have never accepted the product in lieu of cash or sold this product to its clients if it had suspected in any way that the product was counterfeit, as Plaintiffs allege.   The Baja Defendants did not know that the product was purportedly counterfeit, as Plaintiffs allege.

29.     Each of the MCR Cross-Defendants (other than MCR and Justin Shayota) was either a shareholder of MCR, had common shareholders and/or officers as MCR or "loaned" money to MCR as needed.   The MCR Defendants essentially operated as a single venture out of the warehouse at 7920 Airway Dr., Suite A-1 in San Diego.   While Justin Shayotas was neither a shareholder nor loaned money to MCR, Justin Shayota acted as an agent of Walid Jamil, Midwest and other related entities.   The decision-makers for this single venture were Mario Ramirez and Walid Jamil; they would generally make decisions based on consensus, but both had the authority to act on business matters involving the entities making up the MCR Defendants.    If the Plaintiffs' allegations in the EDNY Action that Walid Jamil, Justin Shayota and Midwest engineered a counterfeiting operation are true, then the Baja Defendants allege, on information and belief, that Walid Jamil and Justin Shayota lacked the expertise and know-how to run such an operation, absent the involvement of Mario Ramirez, who is an engineer by trade and has been involved in the printing and packaging business for over twenty years.

30.     In this counterfeiting action and the related EDNY Action, Plaintiffs allege that Midwest shipped over 3 million bottles of counterfeit 5-Hour Energy to DanDee.   Kevin Attiq of DanDee testified at deposition in this action that the person behind Midwest was Walid Jamil.   Kevin Attiq testified at deposition in this action that when he suspected that he may have a problem with the product, he did not call Joseph Shayota; he called Walid Jamil.

31.     The Baja Defendants have not yet answered the Complaint in the EDNY Action. The Baja Defendants intend to challenge personal jurisdiction, as the Baja Defendants do not believe that they are subject to personal jurisdiction in that judicial district.   If and when the

21

time comes to answer the Plaintiffs' allegations against the Baja Defendants, whether in the Eastern District of New York or elsewhere, the Baja Defendants will deny the essential allegations of the operative complaint. The Baja Defendants contend that to the degree they are held liable to Plaintiffs in the EDNY Action, that the Baja Defendants are entitled to indemnity and contribution from the cross-defendants named herein.

32. Plaintiffs allege that DanDee and Kevin Attiq distributed the 5-Hour product it received from Midwest. DanDee and Kevin Attiq distributed some of that product to Baja Exporting.

33. If Plaintiffs prove their allegations that the 5-hour product at issue in this litigation is counterfeit, then the damages sustained to date and to be sustained by the Baja Defendants are properly and equitably distributed to the cross-defendants against whom the Baja Defendants filed this cross-claim, because such cross-defendants either distributed counterfeit product to the Baja Defendants, supplied materials essential to the counterfeit operation, or willfully and intentionally engaged in this counterfeit operation.

34. If DanDee and/or Kevin and Fadi Attiq prove in their third-party complaint or cross-claim that the Baja Defendants distributed counterfeit product to DanDee or the Attiqs, then the damages sustained to date and to be sustained by the Baja Defendants are properly and equitably distributed to the cross-defendants against whom the Baja Defendants filed this cross-claim, because such cross-defendants either distributed counterfeit product to the Baja Defendants, supplied materials essential to the counterfeit operation, or willfully and intentionally engaged in this counterfeit operation.

## FIRST CAUSE OF ACTION
### (Equitable Indemnity)

30. The Baja Defendants incorporate by this reference the previous allegations of this Cross-Claim.

31. If the Baja Defendants are found to be liable to DanDee, Kevin Attiq, Fadi Attiq or Plaintiffs, then such damages were caused in whole or in part by the acts of the cross-defendants.

32.     Therefore, the Baja Defendants are entitled to equitable indemnity from the cross-defendants as joint tortfeasors.

## SECOND CAUSE OF ACTION
### (Contribution)

30.     The Baja Defendants incorporate by this reference the previous allegations of this Cross-Claim.

31.     If judgment is entered against the Baja Defendants either as to the DanDee third party complaint, the cross-claim of Fadi and Kevin Attiq or the EDNY Complaint or any other complaint filed by Plaintiffs against the Baja Defendants, then the Baja Defendants are entitled to contribution from the cross-defendants.

## THIRD CAUSE OF ACTION
### (Violations Of California's Unfair Competition Law)

32.     The Baja Defendants incorporate by this reference the previous allegations of this Cross-Claim.

33.     Based on the conduct alleged above, the MCR-Cross-Defendant and the DanDee Cross-Defendants have engaged in unfair, unlawful and fraudulent business practices in violation of California Business & Professions Code section 17200 et seq., causing damages to the Baja Defendants and each of them.

34.     The Baja Defendants seek equitable relief as permitted under Business & Professions Code section 17203.

WHEREFORE, the Baja Defendants pray for relief as follows:

AS TO THE FIRST CAUSE OF ACTION

    1.  Total or partial indemnity.

AS TO THE SECOND CAUSE OF ACTION

    2.  For contribution between and among the joint tortfeasors

AS TO THE THIRD CAUSE OF ACTION

    3.  Injunctive and equitable relief as permitted under California Business & Professions Code section 17203.

AS TO ALL CAUSES OF ACTION

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

1          4.   For costs of suit; and

2          5.   For such other and further relief as the Court deems just and proper.

3

Dated: March 22, 2013                    SELTZER CAPLAN McMAHON VITEK
4                                        A Law Corporation

5

6                                        By:     /s/ James R. Thompson, Esq.
                                                 Gregory A. Vega, Esq.
7                                                David M. Greeley, Esq.
                                                 James R. Thompson, Esq.
8                                        Attorneys for Third-Party Defendants and Cross-
                                         Claimants, TRADEWAY INT'L, INC. (D/B/A
9                                        BAJA EXPORTING); JOSEPH SHAYOTA AND
                                         ADRIANA SHAYOTA
10

11

12                            **DEMAND FOR JURY TRIAL**

13          The Baja Defendants demand a jury trial pursuant to Federal Rules of Civil Procedure

14 Rule 38.

Dated: March 22, 2013                    SELTZER CAPLAN McMAHON VITEK
15                                       A Law Corporation

16

17                                       By:     /s/ James R. Thompson, Esq.
                                                 Gregory A. Vega, Esq.
18                                               David M. Greeley, Esq.
                                                 James R. Thompson, Esq.
19                                       Attorneys for Third-Party Defendants and Cross-
                                         Claimants TRADEWAY INT'L, INC. (D/B/A
20                                       BAJA EXPORTING); JOSEPH SHAYOTA AND
                                         ADRIANA SHAYOTA
21

22

23

24

25

26

27

28

Case No. 12-cv-5523-WHA
ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Northern District's Local Rules, and/or the Northern District's Rules on Electronic Service upon all counsel of record via the Court's Electronic Case Filing System.

Dated:  San Diego, California
          March 22, 2013

                                        /s/ James R. Thompson
                                        James R. Thompson
                                        SELTZER CAPLAN MCMAHON VITEK
                                        Attorneys for Third-Party Defendants and Cross-Claimants Joseph Shayota, Adriana Shayota and Tradeway Int'l, Inc. d/b/a Baja Exporting

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

25

ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIM