Gregory A. Vega, Esq. (SBN 141477)
David M. Greeley, Esq. (SBN 198520)
James R. Thompson, Esq. (SBN 260083)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California  92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
E-Mail: vega@scmv.com, greeley@scmv.com, thompson@scmv.com

Attorneys for Third-Party Defendants and Cross-Claimants TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING), JOSEPH SHAYOTA, ADRIANA SHAYOTA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| INNOVATION VENTURES, LLC and LIVING ESSENTIALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PITTSBURG WHOLESALE GROCERS, INC. d/b/a PITCO FOODS, et al.,<br><br>Defendants. | Case No. 3-12-cv-05523-WHA<br><br>**ANSWER TO CROSS-COMPLAINT OF KEVIN AND FADI ATTIQ**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Dept.:           8<br>Judge:          Hon. William Alsup<br><br>Trial Date:        January 13, 2014<br>Complaint Filed:  October 26, 2012 |
| KEVIN ATTIQ and FADI ATTIQ,<br><br>Third-Party Complainants,<br><br>v.<br><br>WALID JAMIL; RAID ("BRIAN") JAMIL; JUSTIN SHAYOTA; MIDWEST WHOLESALE DISTRIBUTORS, INC.; JT WHOLESALE, INC.; JOE SHAYOTA; ADRIANA SHAYOTA; BAJA EXPORTING, LLC; TRADEWAY INTERNATIONAL, INC. (D/B/A BAJA EXPORTING); TRIMEXICO, INC.; MARIO RAMIREZ; CAMILO RAMIREZ; | |

MCR INNOVATIONS AND PACKAGING, INC.; MCR PRINTING & PACKAGING CORP.; NAFTAUNITED.COM; JORGE NAVARRO; ONE STOP LABEL CORPORATION; LESLIE ROMAN; DONNA ROMAN; FLEXOPACK; JUAN ROMERO GUTIERREZ; NUTRITION PRIVATE LABEL, INC.; and ADVANCED NUTRACEUTICAL MANUFACTURING, INC.,

Third-Party Defendants.

COMES NOW Cross-Defendants, TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING), JOSEPH SHAYOTA and ADRIANA SHAYOTA (collectively, the "Baja Defendants" or "responding parties") and hereby answer Kevin Attiq's and Fadi Attiq's ("Attiq") Cross-Complaint ("Attiq Cross-Complaint") as follows:

## RESPONSES TO ALLEGATIONS IN THE CROSS-COMPLAINT

As to the Concise Statement of Attiqs' cross claims on page 2, responding parties deny the allegations as to themselves and lack sufficient information to admit or deny the allegations as to others, and on that basis deny such remaining allegations.

1. Responding parties admit ¶ 1.

2. Responding parties admit ¶ 2.

3. Responding parties admit ¶ 3.

4. Responding parties admit that Walid Jamil is an individual. Responding parties lack sufficient information either to admit or deny the remaining allegations and therefore deny the remaining allegations of ¶ 4.

5. Responding parties admit that Brian Jamil is an individual who maintains his principal domicile in Michigan. Responding parties lack sufficient information either to admit or deny the remaining allegations and therefore deny the remaining allegations of ¶ 5.

6. Responding parties lack sufficient information to admit or deny the allegations in

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

¶ 6 and therefore deny these allegations.

7. Responding parties lack sufficient information to admit or deny the allegations in ¶ 7 and therefore deny these allegations.

8. Responding parties lack sufficient information to admit or deny the allegations in ¶ 8 and therefore deny these allegations.

9. Responding parties lack sufficient information to admit or deny the allegations in ¶ 9 and therefore deny these allegations.

10. Responding parties admit ¶ 10.

11. Responding parties admit ¶ 11.

12. Responding parties deny ¶12.

13. Responding parties admit ¶13 as to Tradeway Int'l Inc. dba Baja Exporting.

14. Responding parties admit the allegations of ¶ 14 except as to whether Mario Ramirez is subject to the long-arm jurisdiction of this judicial district; responding parties lack sufficient information to admit or deny that allegation and therefore deny that allegation.

15. Responding parties admit the allegations of ¶ 15 except as to whether such party is subject to the long-arm jurisdiction of this judicial district; responding parties lack sufficient information to admit or deny that allegation and therefore deny that allegation.

16. Responding parties admit that MCR Innovations & Packaging is a California corporation that maintains minimal contacts with the State of California; responding parties lack sufficient information to admit or deny the remaining allegations of ¶16 and therefore deny these allegations.

17. Responding parties admit that MCR Printing & Packaging is a California corporation that maintains minimal contacts with the State of California; responding parties lack sufficient information to admit or deny the remaining allegations of ¶17 and therefore deny these allegations.

18. Responding parties lack sufficient information to admit or deny the allegations in ¶ 18 and therefore deny these allegations.

19. Responding parties lack sufficient information to admit or deny the allegations in

¶ 19 and therefore deny these allegations.

20. Responding parties lack sufficient information to admit or deny the allegations in ¶ 20 and therefore deny these allegations.

21. Responding parties lack sufficient information to admit or deny the allegations in ¶ 21 and therefore deny these allegations.

22. Responding parties lack sufficient information to admit or deny the allegations in ¶ 22 and therefore deny these allegations.

23. Responding parties lack sufficient information to admit or deny the allegations in ¶ 23 and therefore deny these allegations.

24. Responding parties lack sufficient information to admit or deny the allegations in ¶ 24 and therefore deny these allegations.

25. Responding parties lack sufficient information to admit or deny the allegations in ¶ 25 and therefore deny these allegations.

26. Responding parties lack sufficient information to admit or deny the allegations in ¶ 26 and therefore deny these allegations.

27. Responding parties lack sufficient information to admit or deny the allegations in ¶ 27 and therefore deny these allegations.

28. Responding parties lack sufficient information to admit or deny the allegations in ¶ 28 and therefore deny these allegations.

29. Responding parties lack sufficient information to admit or deny the allegations in ¶ 29 and therefore deny these allegations.

30. Responding parties lack sufficient information to admit or deny the allegations in ¶ 30 and therefore deny these allegations.

31. Responding parties lack sufficient information to admit or deny the allegations in ¶ 31 and therefore deny these allegations.

32. Responding parties lack sufficient information to admit or deny the allegations in ¶ 32 and therefore deny these allegations.

33. Responding parties lack sufficient information to admit or deny the allegations in

¶ 33 and therefore deny these allegations.

34. Responding parties lack sufficient information to admit or deny the allegations in ¶ 34 and therefore deny these allegations.

35. N/A. The Attiqs' cross-complaint does not contain a ¶ 35.

36. Responding parties lack sufficient information to admit or deny the allegations in ¶ 36 and therefore deny these allegations.

37. Responding parties lack sufficient information to admit or deny the allegations in ¶ 37 and therefore deny these allegations.

38. Responding parties lack sufficient information to admit or deny the allegations in ¶ 38 and therefore deny these allegations.

39. Responding parties lack sufficient information to admit or deny the allegations in ¶ 39 and therefore deny these allegations.

40. Responding parties lack sufficient information to admit or deny the allegations in ¶ 40 and therefore deny these allegations.

41. Responding parties lack sufficient information to admit or deny the allegations in ¶ 41 and therefore deny these allegations.

42. Responding parties lack sufficient information to admit or deny the allegations in ¶ 42 and therefore deny these allegations.

43. Responding parties lack sufficient information to admit or deny the allegations in ¶ 43 and therefore deny these allegations.

44. Responding parties admit that Attiq sold 5-hour products obtained from Midwest to various distributors; except as expressly admitted, responding parties deny the allegations contained in ¶ 44.

45. On information and belief, Responding parties admit ¶ 45.

46. On information and belief, Responding parties admit ¶ 46.

47. Responding parties lack sufficient information to admit or deny the allegations in ¶ 47 and therefore deny these allegations.

48. Responding parties lack sufficient information to admit or deny the allegations in

1  ¶ 48 and therefore deny these allegations.

2        49.     Responding parties lack sufficient information to admit or deny the allegations in

3  ¶ 49 and therefore deny these allegations.

4        50.     On information and belief, responding parties admit the allegations of ¶ 50.

5        51.     Responding parties lack sufficient information to admit or deny the allegations in

6  ¶ 51 and therefore deny these allegations.

7        52.     Responding parties lack sufficient information to admit or deny the allegations in

8  ¶ 52 and therefore deny these allegations.

9        53.      Responding parties lack sufficient information to admit or deny the allegations

10  in ¶ 53 and therefore deny these allegations.

11        54.     Responding parties lack sufficient information to admit or deny the allegations in

12  ¶ 54 and therefore deny these allegations.

13        55.     Responding parties lack sufficient information to admit or deny the allegations in

14  ¶ 55 and therefore deny these allegations.

15        56.     Responding parties lack sufficient information to admit or deny the allegations in

16  ¶ 56 and therefore deny these allegations.

17        57.     Responding parties lack sufficient information to admit or deny the allegations in

18  ¶ 57 and therefore deny these allegations.

19        58.     Responding parties lack sufficient information to admit or deny the allegations in

20  ¶ 58 and therefore deny these allegations.

21        59.     Responding parties lack sufficient information to admit or deny the allegations in

22  ¶ 59 and therefore deny these allegations.

23        60.     Responding parties deny the allegations of ¶ 60 as to themselves; responding

24  parties lack sufficient information to admit or deny the allegations in ¶ 60 as they pertain to

25  persons other than the responding parties and therefore deny these allegations.

26        61.     Responding parties lack sufficient information to admit or deny the allegations in

27  ¶ 61 and therefore deny these allegations.

28        62.     Responding parties lack sufficient information to admit or deny the allegations in

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

6

ANSWER TO CROSS-COMPLAINT OF KEVIN AND FADI ATTIQ

¶ 62 and therefore deny these allegations.

63. Responding parties lack sufficient information to admit or deny the allegations in ¶ 63 and therefore deny these allegations.

64. Responding parties admit that Plaintiffs made allegations as set forth in ¶ 64 but deny these allegations.

65. Responding parties deny they conspired with anyone in order to defraud Attiq and refuse to respond to the hypothetical nature of the allegation and on these bases deny the allegations of ¶ 65.

66. Responding parties lack sufficient information to admit or deny the allegations in ¶ 66 and therefore deny these allegations.

67. Responding parties incorporate by reference their responses to the preceding allegations.

68. As to themselves, responding parties deny the allegations of ¶ 68; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

69. As to themselves, responding parties deny the allegations of ¶ 69; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

70. Responding parties incorporate by reference their responses to ¶¶ 1-69.

71. As to themselves, responding parties deny the allegations of ¶ 71; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

72. As to themselves, responding parties deny the allegations of ¶ 72; as to the remaining allegations, responding parties lack sufficient information to admit or deny and therefore deny such allegations.

## **AFFIRMATIVE DEFENSES**

Baja Defendants allege the following as separate and affirmative defenses to the cause of action set forth in the Attiq Cross-Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Baja Defendants allege that the Attiq Cross-Complaint, and each claim for relief therein, fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Estoppel)**

Baja Defendants allege that, if it is shown that Attiq willfully or intentionally engaged in the distribution of counterfeit product, then Attiq should be estopped from pursuing its claims against responding parties.

### THIRD AFFIRMATIVE DEFENSE
**(Offset)**

Baja Defendants allege that Attiq's claims are subject to offsets.

### FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Baja Defendants allege that, if it is shown that Attiq willfully or intentionally engaged in the distribution of counterfeit product, then Attiq's claims should be precluded because Attiq would be coming to this Court with unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
**(Contributory Negligence and Comparative Fault)**

If Plaintiffs prove some or all of their claims against Attiq, then Attiq's claims would be barred in whole or in part pursuant to the doctrines of contributory negligence and comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE
**(Innocent intent)**

In the event the Baja Defendants are found to have violated any rights of Attiq's, which the Baja Defendants deny, such violations were done with innocent intent and were not willful or intentional.

### SEVENTH AFFIRMATIVE DEFENSE
**(Indemnification and Contribution)**

In the event the Baja Defendants are found to have violated any rights of Attiq's, which Baja Defendants deny, the Baja Defendants are entitled to equitable indemnity and contribution from tortfeasors.

### EIGHTH AFFIRMATIVE DEFENSE
**(Improper Venue)**

Venue is improper in this Court.

### NINTH AFFIRMATIVE DEFENSE
**(Federal Preemption)**

Attiq's state law claims in whole or in part are pre-empted by federal law.

### TENTH AFFIRMATIVE DEFENSE
**(Damages Speculative)**

The damages Attiq seeks are speculative.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Attiq has failed to mitigate any damages to which they allege they have suffered.

### TWELFTH AFFIRMATIVE DEFENSE
**(Waiver)**

Attiq's claims are barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Incorporation by Reference of Attiq's Defenses to Plaintiffs' Operative Complaint)**

Pursuant to Federal Rules of Civil procedure, Rule 14(a)(2)(C), Baja Defendants assert against the Plaintiffs all of the affirmative defenses to Plaintiffs' operative complaint that Attiq has raised in their operative answer.

# FOURTEENTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

Baja Defendants reserve the right to amend this answer and assert additional affirmative defenses as they learn new information through discovery.

**WHEREFORE**, Baja Defendants pray as follows:

a. That Attiq takes nothing by way of their Cross-Complaint;

b. That judgment be entered in favor of the Baja Defendants and against Attiq.

c. That Baja Defendants be awarded their costs of suit incurred herein; and

d. For such other and further relief as the Court deems just and proper.

Dated: March 22, 2013              SELTZER CAPLAN McMAHON VITEK
                                   A Law Corporation


                                   By: /s/ James R. Thompson, Esq.
                                       Gregory A. Vega, Esq.
                                       David M. Greeley, Esq.
                                       James R. Thompson, Esq.
                                   Attorneys for Third-Party Defendants and Cross-Claimants TRADEWAY INT'L, INC. (D/B/A BAJA EXPORTING); JOSEPH SHAYOTA, AND ADRIANA SHAYOTA

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Northern District's Local Rules, and/or the Northern District's Rules on Electronic Service upon all counsel of record via the Court's Electronic Case Filing System.

Dated: San Diego, California
March 22, 2013

/s/ James R. Thompson
James R. Thompson
SELTZER CAPLAN MCMAHON VITEK
Attorneys for Third-Party Defendants and Cross-Claimants Joseph Shayota, Adriana Shayota and Tradeway Int'l, Inc. d/b/a Baja Exporting