CALVIN E. DAVIS (SBN: 101640)
AARON P. RUDIN (SBN: 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-mail: cdavis@gordonrees.com,
arudin@gordonrees.com

Attorneys for Third-Party Defendants and Cross-Claimants MARIO RAMIREZ, CAMILO RAMIREZ, MCR INNOVATIONS AND PACKAGING, INC., MCR PRINTING & PACKAGING CORP., and NAFTAUNITED.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOVATION VENTURES, LLC and LIVING ESSENTIALS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>PITTSBURGH WHOLESALE GROCERS, INC. d/b/a/ PITCO FOODS, ET AL.,<br><br>    Defendants.<br>_____<br>DANDEE COMPANY, INC.<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>WALID JAMIL; RAID ("BRIAN") JAMIL; JUSTIN SHAYOTA; MIDWEST WHOLESALE DISTRIBUTIONS, INC.; JT WHOLESALE, INC.; JOE SHAYOTA; ADRIANA SHAYOTA; BAJA EXPORTING, LLC; TRADEWAY INTERNATIONAL, INC. (D/B/A BAJA EXPORTING); TRIMEXICO, INC.; MARIO RAMIREZ; CAMILO RAMIREZ; MCR INNOVATIONS AND PACKAGING, INC.; MCR PRINTING & PACKAGING CORP.; NAFTAUNITED.COM; JORGE NAVARRO; ONE STOP LABEL CORPORATION; LESLIE ROMAN; DONNA ROMAN; FLEXOPACK; JUAN ROMERO GUTIERREZ; NUTRITION PRIVATE | CASE NO. 12-CV-5523-WHA<br><br>**ANSWER OF THIRD-PARTY DEFENDANTS MARIO RAMIREZ, CAMILO RAMIREZ, MCR INNOVATIONS AND PACKAGING, INC., MCR PRINTING & PACKAGING CORP., and NAFTAUNITED.COM TO THE FIRST AMENDED THIRD-PARTY COMPLAINT OF DANDEE COMPANY, INC. AND CROSS-CLAIMS AGAINST TRADEWAY INTERNATIONAL, INC. (D/B/A BAJA EXPORTING), JORGE NAVARRO; ONE STOP LABEL CORPORATION; LESLIE ROMAN; DONNA ROMAN; FLEXOPACK, JUAN ROMERO GUTIERREZ, NUTRITION PRIVATE LABEL, INC., ADVANCED NUTRACEUTICAL MANUFACTURING, INC., JOE SHAYOTA, AND ADRIANA SHAYOTA FOR INDEMNITY AND CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:        January 13, 2014<br>Complaint Filed:   October 26, 2012 |

-1-

ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT AND CROSS-CLAIM
CASE NO. 12-CV-5523-WHA

MCRP/1086471/14...

LABEL, INC.; and ADVANCED )
NUTRACEUTICAL MANUFACTURING, )
INC. )
)
                Third-Party Defendants. )
)

Third-Party Defendants MARIO RAMIREZ, CAMILO RAMIREZ, MCR INNOVATIONS AND PACKAGING, INC., MCR PRINTING & PACKAGING CORP., and NAFTAUNITED.COM., (collectively referred to herein as "Third-Party Defendants") hereby respond to the First Amended Third-Party Complaint of Third Party Plaintiff DANDEE COMPANY, INC. (referred to herein as "Third-Party Plaintiff"), as follows:

### I.    CONCISE STATEMENT OF DANDEE'S THIRD-PARTY CLAIMS

To the extent any response is required to Third-Party Plaintiff's Concise Statement, Third-Party Defendants state that the Third-Party Complaint speaks for itself. As to the remainder of the Concise Statement, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of these portions of the Concise Statement, and on that basis deny these portions of the Concise Statement.

### II.    THE PARTIES

1. Answering paragraph 1, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

2. Answering paragraph 2, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

3. Answering paragraph 3, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

4. Answering paragraph 4, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

5. Answering paragraph 5, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

6. Answering paragraph 6, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

7. Answering paragraph 7, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

8. Answering paragraph 8, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

9. Answering paragraph 9, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

10. Answering paragraph 10, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

11. Answering paragraph 11, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

12. Answering paragraph 12, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

13. Answering paragraph 13, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

14. Answering paragraph 14, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required.

15. Answering paragraph 15, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required.

16. Answering paragraph 16, Third-Party Defendants deny the allegations contained in the first sentence of this paragraph, except admit that MCR Innovations and Packaging, Inc. is a corporation formed under the laws of California that maintains its business headquarters and conducts business operations in California. The allegations contained in the second sentence of this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

17. Answering paragraph 17, Third-Party Defendants deny the allegations contained in the first sentence of this paragraph, except admit that MCR Printing and Packaging Corp. is a corporation formed under the laws of California. The allegations contained in the second sentence of this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

18. Answering paragraph 18, Third-Party Defendants deny the allegations contained in the first sentence of this paragraph, except admit that NaftaUnited.com is a corporation formed under the laws of California. The allegations contained in the second sentence of this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

19. Answering paragraph 19, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

20. Answering paragraph 20, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

21. Answering paragraph 21, Third-Party Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

22. Answering paragraph 22, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

23. Answering paragraph 23, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

24. Answering paragraph 24, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

25. Answering paragraph 25, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

26. Answering paragraph 26, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

**III.  JURISDICTION AND VENUE**

27. Answering paragraph 27, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required.

28. Answering paragraph 28, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

29. Answering paragraph 29, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

30. Answering paragraph 30, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is

required, Third-Party Defendants deny the allegations as stated therein.

31. Answering paragraph 31, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

32. Answering paragraph 32, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

33. Answering paragraph 33, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

34. Answering paragraph 34, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

35. Answering paragraph 35, the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

36. Answering paragraph 36 (**Personal Jurisdiction**), the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

36. Answering paragraph 36 (**Venue**), the allegations contained in this paragraph contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Third-Party Defendants deny the allegations as stated therein.

IV. **COMMON ALLEGATIONS**

37. Answering paragraph 37 and subparagraphs (a)-(g) therein, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations of this paragraph and subparagraphs (a)-(g) therein, and on that basis deny them.

38. Answering paragraph 38, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis

1  deny them.

2  39.  Answering paragraph 39, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

40.  Answering paragraph 40, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

41.  Answering paragraph 41, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

42.  Answering paragraph 42, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

43.  Answering paragraph 43, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

44.  Answering paragraph 44, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

45.  Answering paragraph 45, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

46.  Answering paragraph 46, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

47.  Answering paragraph 47, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

48. Answering paragraph 48, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

49. Answering paragraph 49, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

50. Answering paragraph 50, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

51. Answering paragraph 51, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

52. Answering paragraph 52, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

53. Answering paragraph 53, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

54. Answering paragraph 54, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

55. Answering paragraph 55, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

56. Answering paragraph 56, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

57. Answering paragraph 57, Third-Party Defendants lack sufficient knowledge or

1  information to form a belief as to the truth of the allegations of this paragraph and on that basis
2  deny them.
3      58.    Answering paragraph 58, Third-Party Defendants lack sufficient knowledge or
4  information to form a belief as to the truth of the allegations of this paragraph and on that basis
5  deny them.
6      59.    Answering paragraph 59, Third-Party Defendants lack sufficient knowledge or
7  information to form a belief as to the truth of the allegations of this paragraph and on that basis
8  deny them.
9      60.    Answering paragraph 60, Third-Party Defendants deny the allegations of this
10 paragraph.
11     61.    Answering paragraph 61, Third-Party Defendants deny the allegations of this
12 paragraph.
13     62.    Answering paragraph 62 and subparagraphs (a)-(e) therein, Third-Party
14 Defendants deny the allegations of paragraph 62, subparagraph (a), and lack sufficient
15 knowledge or information to form a belief as to the truth of the allegations of paragraph 62,
16 subparagraphs (b)-(e) and on that basis deny them.
17     63.    Answering paragraph 63, Third-Party Defendants deny the allegations of this
18 paragraph.
19     64.    Answering paragraph 64 and subparagraphs (a)-(c) therein, Third Party
20 Defendants state that the pleadings filed in the "New York Action" speak for themselves, and
21 Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth
22 of the remaining allegations of paragraph 64 and subparagraphs (a)-(c) therein and on the basis
23 deny them.
24     65.    Answering paragraph 65, Third-Party Defendants lack sufficient knowledge or
25 information to form a belief as to the truth of the allegations of this paragraph and on that basis
26 deny them.
27     66.    Answering paragraph 66, Third-Party Defendants lack sufficient knowledge or
28 information to form a belief as to the truth of the allegations of this paragraph and on that basis

1  deny them.

### V. FIRST CAUSE OF ACTION (INTENTIONAL MISREPRESENTATION) (AGAINST WALID JAMIL, BRIAN JAMIL, JUSTIN SHAYOTA, MIDWEST, JT WHOLESALE AND TRIMEX)

67-86. Paragraphs 67 through 86 do not contain any allegations that pertain to Third-Party Defendants such that no response by the Third-Party Defendants to the allegations is required. To the extent any such response is required, in answering paragraphs 67 through 86, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs and on that basis deny them.

### VI. SECOND CAUSE OF ACTION (BREACH OF ORAL CONTRACT) (AGAINST MIDWEST)

87-92. Paragraphs 87-92 do not contain any allegations that pertain to Third-Party Defendants such that no response by the Third-Party Defendants to the allegations is required. To the extent any such response is required, in answering paragraphs 87 through 92, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs and on that basis deny them.

### VII. THIRD CAUSE OF ACTION (TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS) (AGAINST WALID JAMIL, BRIAN JAMIL, JUSTIN SHAYOTA, MIDWEST, JT WHOLESALE, AND TRIMEX)

93-97. Paragraphs 93-97 do not contain any allegations that pertain to Third-Party Defendants such that no response by the Third-Party Defendants to the allegations is required. To the extent any such response is required, in answering paragraphs 93 through 97, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs and on that basis deny them.

### VIII. FOURTH CAUSE OF ACTION (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS) (AGAINST WALID JAMIL, BRIAN JAMIL, JUSTIN SHAYOTA, MIDWEST, JT WHOLESALE, AND TRIMEX)

98-102. Paragraphs 98-102 do not contain any allegations that pertain to Third-Party Defendants such that no response by the Third-Party Defendants to the allegations is required.

To the extent any such response is required, in answering paragraphs 98 through 102, Third-Party Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs and on that basis deny them.

### IX. FIFTH CAUSE OF ACTION
### (FALSE LABELING IN VIOLATION OF THE LANHAM ACT)
### (AGAINST ALL THIRD-PARTY DEFENDANTS)

103. Answering paragraph 103, Third-Party Defendants incorporate by reference their responses to Paragraph 1 through 102 of their Answer as if fully set forth herein.

104. Answering paragraph 104, Third-Party Defendants deny the allegations of this paragraph.

105. Answering paragraph 105, Third-Party Defendants deny the allegations of this paragraph.

106. Answering paragraph 106, Third-Party Defendants deny the allegations of this paragraph.

107. Answering paragraph 107, Third-Party Defendants deny the allegations of this paragraph.

108. Answering paragraph 108, Third-Party Defendants deny the allegations of this paragraph.

### X. SIXTH CAUSE OF ACTION
### (FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT)
### (AGAINST ALL THIRD-PARTY DEFENDANTS)

109. Answering paragraph 109, Third-Party Defendants incorporate by reference their responses to Paragraph 1 through 108 of their Answer as if fully set forth herein.

110. Answering paragraph 110, Third-Party Defendants deny the allegations of this paragraph.

111. Answering paragraph 111, Third-Party Defendants deny the allegations of this paragraph.

112. Answering paragraph 112, Third-Party Defendants deny the allegations of this paragraph.

113. Answering paragraph 113, Third-Party Defendants deny the allegations of this paragraph.

XI. **SEVENTH CAUSE OF ACTION**
**(VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW)**
**(AGAINST ALL THIRD-PARTY DEFENDANTS)**

114. Answering paragraph 114, Third-Party Defendants incorporate by reference their responses to Paragraph 1 through 113 of their Answer as if fully set forth herein.

115. Answering paragraph 115, Third-Party Defendants deny the allegations of this paragraph.

116. Answering paragraph 116, Third-Party Defendants deny the allegations of this paragraph.

XII. **EIGHTH CAUSE OF ACTION**
**(EQUITABLE INDEMNIFICATION)**
**(AGAINST ALL THIRD-PARTY DEFENDANTS)**

117. Answering paragraph 117, Third-Party Defendants incorporate by reference their responses to Paragraph 1 through 116 of their Answer as if fully set forth herein.

118. Answering paragraph 118, Third-Party Defendants deny the allegations of this paragraph.

119. Answering paragraph 119, Third-Party Defendants deny the allegations of this paragraph.

XIII. **NINTH CAUSE OF ACTION**
**(EQUITABLE CONTRIBUTION)**
**(AGAINST ALL THIRD-PARTY DEFENDANTS)**

120. Answering paragraph 120, Third-Party Defendants incorporate by reference their responses to Paragraph 1 through 119 of their Answer as if fully set forth herein.

121. Answering paragraph 121, Third-Party Defendants deny the allegations of this paragraph.

122. Answering paragraph 122, Third-Party Defendants deny the allegations of this paragraph.

## XIV. AFFIRMATIVE DEFENSES

In further answer to Third-Party Plaintiff's complaint, and as separate and distinct affirmative defenses, Third-Party Defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

123. The complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action against Third-Party Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

124. Third-Party Plaintiff lacks standing to bring the complaint, in whole or in part, against Third-Party Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

125. Third-Party Plaintiff's Complaint and all claims therein, are barred, in whole or in part, as a result of Third-Party Plaintiff's waiver of all claims against Third-Party Defendants.

### FOURTH AFFIRMATIVE DEFENSE
### (Consent)

126. Third-Party Plaintiff's Complaint and all claims therein, are barred, in whole or in part, as a result of Third-Party Plaintiff's consent.

### FIFTH AFFIRMATIVE DEFENSE
### (Real Party In Interest)

127. Third Party-Plaintiff's complaint and all claims therein, are barred, in whole or in part, as Third-Party Plaintiff is not the real party in interest.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

128. Third-Party Plaintiff's claims are barred in whole, or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

129. Third-Party Plaintiff's damages, if any, must be reduced in whole or in part as a result of Third-Party Plaintiff's failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE
### (Fair Use)

130. Third-Party Plaintiff's claims are barred, in whole or in part, based upon the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

131. Third-Party Plaintiff's claims are barred, in whole or in part, because any infringement Third-Party Plaintiff may be able to establish was innocent.

## TENTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

132. Third-Party Plaintiff's claims are barred, in whole or in part, based on the doctrines of red judicata and/or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

133. Third-Party Plaintiff's claims are barred, in whole or in part, based upon the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Third Party Use)

134. Third-Party Plaintiff's claims are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Actions of Others)

135. Third-Party Plaintiff's claims are barred, in whole or in part, because Third-Party Defendants are not liable for the acts of others over whom they have no control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

136. Third-Party Defendants allege that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint and Third-Party Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reservation to Raise Other Defenses)**

137. Third-Party Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery of this action and reserve the right to amend the Answer to the Third-Party Complaint to assert any such defenses.

XV. **PRAYER**

Wherefore, Third-Party Defendants pray for relief as follows:

1. That Third-Party Plaintiff takes nothing by its complaint, and that judgment be entered in favor of Third-Party Defendants as to each and every purported claim for relief set

forth therein;

2. That Third-Party Defendants be awarded their costs of suit incurred herein;

3. That Third-Party Defendants be awarded their actual attorney's fees incurred herein, to the extent recoverable; and

4. For such other and further relief as this Court deems just and proper.

DATED: March 29, 2013         GORDON & REES LLP

By: ___/s Aaron P. Rudin___
      CALVIN E. DAVIS
      AARON P. RUDIN
Attorneys for Third-Party Defendants
MARIO RAMIREZ, CAMILO RAMIREZ, MCR INNOVATIONS AND PACKAGING, INC., MCR PRINTING & PACKAGING CORP., and NAFTAUNITED.COM