William A. Markham, State Bar No. 132970
Dorn Graham Bishop, State Bar No. 147994
Jason Eliaser, State Bar No. 248394
LAW OFFICES OF WILLIAM MARKHAM, P.C.
550 West C Street, Suite 2040
San Diego, CA 92101

Tel:      (619) 221-4400
Fax:     (619) 224-3974
E-mail:  wm@maldonadomarkham.com

Attorneys for Defendant Dan-Dee Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOVATION VENTURES, LLC et al. ) <br> ) <br> Plaintiffs. ) <br> ) <br> Vs. ) <br> ) <br> ) <br> PITTSBURGH WHOLESALE ) <br> GROCERS d/b/a PITCO FOODS et al., ) <br> ) <br> Defendants ) <br> ) <br> ———————————————— ) <br> ) <br> RELATED ACTIONS ) <br> ) <br> ———————————————— ) | Case No.   12-cv-5523-WHA <br><br> STIPULATION AND ~~PROPOSED~~ ORDER (RE: USE OF DEPOSITION TESTIMONY GIVEN IN A RELATED CASE) <br><br> Date:    July 11, 2013 <br> Time:   8:00 a.m. <br> Place:  Courtroom 8, 19th Floor <br> Judge:  The Hon. William H. Alsup <br><br> Complaint Filed:   October 26, 2012 <br> Trial Date:           January 13, 2014 |

STIPULATION TO USE DEPOSITION TRANSCRIPTS

-2-

## I. RECITALS

WHEREAS, Plaintiffs seek relief for alleged product counterfeiting and to this end have filed two civil actions in two different federal courts that both arise from the same essential allegations of product counterfeiting; and

WHEREAS, Plaintiffs filed the first of these actions in the Eastern District of New York. The name of this case is *Innovation Ventures et al. v. Ultimate One Distributing Corp.* et al., 12 Civ. 5354 KAM (E.D.N.Y. 2012) (the "New York Action"); and

WHEREAS, Plaintiffs filed the second of these actions, which is the present case, in the Northern District of California. The name of the California case is *Innovation Ventures et al. v. Pittsburgh Wholesale Grocers, Inc.*, 12-cv-5523-WHA (N.D. Cal. 2012) (the "California Action"); and

WHEREAS, on the basis of these allegations, which Plaintiffs have repeated in both the New York and California Actions, Plaintiffs have sued some entities and individuals in the California Action and others in the New York Action; and

WHEREAS, in the California Action Plaintiffs have taken the deposition of Kevin Attiq, who is a defendant, cross-defendant, and third-party plaintiff in the California Action as well as a third-party defendant in the New York Action; and

WHEREAS, in the New York Action, Plaintiffs have taken the depositions of Walid Jamil, Raid Jamil, Justin Shayota, Adriana Shayota, Joe Shayota, Mario Ramirez, and Jorge Navarro, all of whom are defendants in the New York Action and third-party defendants in the California Action; and

WHEREAS, the parties to this stipulation include each of the above deponents; and

WHEREAS, the purpose of this stipulated agreement is to promote judicial economy by limiting duplicative discovery in both the California Action and the New York Action, including by convening one rather than two depositions of the above parties and by affording every party in both actions a full opportunity to examine each of the above parties; and

WHEREAS, the aims of judicial economy will be promoted by this agreement;

WHEREFORE, the below parties now agree and stipulate to the following limited

STIPULATION TO USE DEPOSITION TRANSCRIPTS

-2-

coordination of discovery proceedings in the California Action and the New York Action:

## II. STIPULATED AGREEMENT

1. Plaintiffs have noticed and taken the depositions of the following parties in the New York Action: Walid Jamil; Raid Jamil; Justin Shayota; Adriana Shayota; Joe Shayota; Mario Ramirez; and Jorge Navarro. Most of these depositions have been adjourned, not concluded, and the parties agree by this stipulation that all of these depositions will be deemed adjourned rather than concluded. The listed party-deponents will cooperate reasonably to schedule the resumption of their depositions and afford every party in both the California Action and the New York Action a fair and full opportunity to examine them at these depositions in accordance with the Federal Rules of Civil Procedure. The transcripts of these depositions can be used or proffered for use as deposition testimony of parties to the New York Action. The transcripts of these depositions can also be used or proffered for use as deposition testimony of parties to the California Action as if the depositions themselves had been noticed and conducted pursuant to the California Action.

2. Plaintiffs have noticed and taken the deposition of the following party in the California Action: Kevin Attiq. This deposition has been adjourned, not concluded, and Kevin Attiq will cooperate reasonably in scheduling the resumption of his deposition and afford every party in both the California Action and the New York Action a fair and full opportunity to conduct an examination of him in accordance with the Federal Rules of Civil Procedure. The transcript of this deposition can be used or proffered for use as deposition testimony of a party to the California Action. The transcript of this deposition can also be used or proffered for use as deposition testimony of a party to the New York Action as if the deposition itself had been noticed and conducted pursuant to the New York Action.

3. Subject to approval by the Court, other depositions can be made subject to this agreement if the relevant parties so stipulate.

4. The seven depositions taken in the New York Action and one deposition taken in the California Action shall count against the parties' allowed number of depositions in the California Action as follows: Four depositions shall count against the Plaintiffs and four depositions shall count against Dan-Dee Company, Inc.

STIPULATION TO USE DEPOSITION TRANSCRIPTS

-3-

1      5.     This agreement will become effective only if it is approved by the Court and adopted by it as a binding Order of the Court.

**IT IS SO STIPULATED.**

DATED: May 24, 2013      /s/ Geoffrey Potter, Esq.
_____
Geoffrey Potter, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP,
Attorneys for Innovation Ventures, LLC; Living Essentials, LLC; and International IP Holdings, LLC

DATED: May 24, 2013      /s/ Jennifer Lee Taylor, Esq.
_____
Jennifer Lee Taylor, Esq.
MORRISON & FOERSTER LLP
Attorneys for Defendants Pittsburgh Wholesale Grocers, Inc. and Pacific Groservice, Inc.

DATED: May 24, 2013      /s/Randolph Gaw, Esq.
_____
Randolph Gaw, Esq.
THE GAW GROUP
Attorneys for Defendants Elite Wholesale, Inc.; Tonic Wholesale, Inc. Dapan USA Corp.; and Sung Keun Lee.

DATED: May 24, 2013      /s/Dean Alper, Esq.
_____
Dean Alper, Esq.
ALPER & MCCULLOCH,
Attorneys for Defendant United Custom Distributors, LLC

DATED: May 24, 2013      /s/Richard M. Apkarian Jr. Esq.
_____
Richard M. Apkarian Jr. Esq.
PAESANO AKKASHIAN, P.C.
Walid Jamil; Raid Jamil; Justin Shayota; Midwest Wholesale Distributors, Inc.; Trimexico, Inc.; and JT Wholesale, Inc.

DATED: May 24, 2013      /s/Gregory A. Vega, Esq.
_____
Gregory A. Vega, Esq.
SELTZER CAPLAN MCMAHON VITEK
Adriana Shayota; Joe Shayota; Tradeway International, Inc.; and NaftaUnited.com

STIPULATION TO USE DEPOSITION TRANSCRIPTS

| | |
|---|---|
| DATED: May 24, 2013 | /s/Daniel J. Dimuro, Esq.<br>_____<br>Daniel J. Dimuro, Esq.<br>GORDON & REES LLP<br>Mario Ramirez; Camilo Ramirez; MCR Innovations and Packaging, Inc.; and MCR Printing & Packaging Corp. |
| DATED: May 24, 2013 | /s/Steven Elia, Esq.<br>_____<br>Steven Elia, Esq.<br>THE LAW OFFICES OF STEVEN ELIA, APC<br>Attorneys for Defendants Kevin Attiq and Fadi Attiq |
| DATED: May 24, 2013 | /s/William Markham, Esq.<br>_____<br>William Markham, Esq.<br>LAW OFFICES OF WILLIAM MARKHAM, P.C.<br>Attorney for Defendant Dan-Dee Company, Inc. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __June 10__, 2013        _____
                                William H. Alsup
                                United States District Judge

STIPULATION TO USE DEPOSITION TRANSCRIPTS

-5-