IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INNOVATION VENTURES, LLC, et al.,

    Plaintiff,

v.

PITTSBURG WHOLESALE GROCERS, INC., et al.,

    Defendants.

No. C 12-05523 WHA

**ORDER GRANTING IN PART REQUEST FOR RELIEF FROM SEALING ORDER**

An October 16 order denied plaintiffs' request to seal documents designated confidential by defendant Dan-Dee Company, Inc., because Dan-Dee failed to file a declaration and proposed order in support of the motion to seal. The October 16 order ruled that the documents would be filed on the public docket. Dan-Dee now seeks relief from that order. The request is **GRANTED IN PART**.

Counsel for Dan-Dee admits that the failure to file materials in support of the sealing motion was an error and states that his neglect was inadvertent. Dan-Dee now seeks to seal a subset of the information encompassed by the original sealing motion, described as follows (Admin. Mot. 6):

> (1) The names and last four digits of the bank accounts for Dan-Dee, Kevin Attiq, and Fadi Attiq; (2) a complete profit-and-loss statement for Dan-Dee that shows its sales revenues, operating costs, and various other sensitive commercial matters; and (3) significant disclosures about the personal finances of Kevin Attiq and Fadi Attiq.

Dan-Dee's primary basis for sealing this information is that it constitutes "sensitive financial information for which there is a recognized . . . privilege of privacy under California law," submitted in connection with a non-dispositive motion (*id*. at 6–7). The declarations submitted by Dan-Dee in support of the motion for relief parrot this language but do not add any details.

Put differently, Dan-Dee is asserting a *per se* rule that otherwise private financial information should be sealed. There is no such *per se* rule in the Federal Rules, Local Rules, or controlling precedent, and Dan-Dee fails to set out with particularity which of the many financial details it seeks to seal are sensitive, as well as the potential harm that would result from their disclosure. Nevertheless, upon review of the documents at issue this order holds that Dan-Dee may redact the following information relating to *individual* defendants Kevin Attiq and Fadi Attiq: (1) the names and last four digits of the bank accounts for Kevin Attiq and Fadi Attiq; and (2) the declaration of Kevin Attiq at ¶¶5–8, 14, and the appended Exhibit A, attached as Exhibit B to the declaration of Geoffrey Potter (Dkt. No. 461-4).

Dan-Dee shall file the subject documents redacted in a manner consistent with the foregoing by **OCTOBER 24 AT NOON**. Plaintiffs shall file the remaining documents at issue on the public docket by the same deadline.

**IT IS SO ORDERED.**

Dated: October 22, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2