1  Thomas P. Mazzucco (tmazzucco@mpbf.com) – CA Bar No. 139758
   Aaron K. McClellan (amcclellan@mpbf.com) – CA Bar No. 197185
2  Bryan L. P. Saalfeld (bsaalfeld@mpbf.com) – CA Bar No. 243331
   Nicholas C. Larson (nlarson@mpbf.com) – CA Bar No. 275870
3  MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
5  Fax:    (415) 393-8087

6  Geoffrey Potter (gpotter@pbwt.com) (*pro hac vice*)
   Michelle W. Cohen (mcohen@pbwt.com) (*pro hac vice*)
7  Christos G. Yatrakis (cyatrakis@pbwt.com) (*pro hac vice*)
   Aron Fischer (afischer@pbwt.com) (*pro hac vice*)
8  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
9  New York, NY 10036
   Telephone:    (212) 336-2000
10 Fax:          (212) 336-2222

11 Attorneys for Plaintiffs
   INNOVATION VENTURES, LLC, LIVING ESSENTIALS, LLC,
12 and INTERNATIONAL IP HOLDINGS, LLC

13

14                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**

15     ——————————————————————  x
                                    :
16  INNOVATION VENTURES, LLC,       :
17  LIVING ESSENTIALS, LLC, and     :
    INTERNATIONAL IP HOLDINGS,      :
18  LLC,                            :    Case No. 12-5523 (WHA)
                        Plaintiffs, :
19                                  :    ~~[PROPOSED]~~ **CONSENT**
     - against -                    :    **JUDGMENT AND PERMANENT**
20                                  :    **INJUNCTION**
    PITTSBURG WHOLESALE GROCER,     :
21  INC. d/b/a PITCO FOODS, ET AL., :
                        Defendants. :
22                                  :
    RELATED CROSS-ACTIONS.          :
23     ——————————————————————  x

24

25  On consent of Plaintiffs Innovation Ventures, LLC, Living Essentials, LLC, and International IP

26

27  Holdings, LLC (together, "Living Essentials") and Defendants Elite Wholesale, Inc. ("Elite"),

28

Tonic Wholesale, Inc. ("Ace"), Dapan USA Corp. ("Frontier"), and Sung Keun Lee (collectively, the "Elite Defendants"), it is hereby ORDERED, ADJUDGED and DECREED:

1.     For purposes of this injunction, the "5-hour ENERGY® Marks" are:

- "5 HOUR ENERGY" (Registration No. 3,003,077);

- "5-HOUR ENERGY" (Registration No. 4,004,225);

- **5-hour ENERGY** (Registration No. 4,104,670);

-  which includes the wording "5-hour ENERGY" in black outlined in yellow, below which are the words "EXTRA STRENGTH" in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from black to red as the sky meets the landscape (Registration No. 4,116,951);

- , commonly referred to as "Running Man," (Registration No. 3,698,044); and

- which includes the wording "5-hour ENERGY" in black outlined in yellow, along with a person in black silhouette, outlined in yellow, shown in an athletic pose adjacent to an uneven landscape, with the sky depicted in transitioning colors from red to yellow as the sky meets the landscape (Registration No. 4,120,360).

2.      For purposes of this injunction, the "5-hour ENERGY® Trade Dress" is the distinctive packaging used to distinguish 5-hour ENERGY® products in the marketplace and which consumers associate strongly with the products.  The packaging is shown as follows:



3.      For purposes of this injunction, the "5-hour ENERGY® Copyright" is United States Copyright Registration Number TX 6-833-514 for the "Caution" label used on the 5-hour ENERGY® bottle.  The copyrighted work reads as follows:

> CAUTION: Contains about as much caffeine as a cup of coffee.
> Limit caffeine products to avoid nervousness, sleeplessness, and
> occasionally rapid heartbeat.  You may experience a Niacin Flush
> (hot feeling, skin redness) that lasts a few minutes.  This is caused
> by Niacin (Vitamin B3) increasing blood flow near the skin.

4.      The Elite Defendants and their agents, servants, employees, and all other persons in active concert and participation with them, are permanently enjoined from:

    a.   using any of the 5-hour ENERGY® Marks (or any marks confusingly similar thereto) on any counterfeit product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of dietary supplements;

    b.   using any logo, trade name, or trademark confusingly similar to any of the 5-

hour ENERGY® Marks which may be calculated to falsely represent or which

has the effect of falsely representing that the services or products of the Elite

Defendants or of others are sponsored by, authorized by, or in any way

associated with Living Essentials;

c.   infringing any of the 5-hour ENERGY® Marks, the 5-hour ENERGY® Trade

Dress, or the 5-hour ENERGY® Copyright;

d.   falsely representing itself as being connected with Living Essentials or

sponsored by or associated with Living Essentials, or engaging in any act

which is likely to cause the trade, retailers, or members of the purchasing

public to believe that it or the other defendants are associated with Living

Essentials, provided, however, that the purchase and sale of 5-hour

ENERGY® products shall not in and of itself fall within this sub-paragraph;

e.   using any reproduction, counterfeit, copy, or colorable imitation of any of the

5-hour ENERGY® Marks in connection with the publicity, promotion, sale, or

advertising of dietary supplements;

f.   affixing, applying, annexing, or using in connection with the sale of any goods,

a false description or representation, including words or other symbols tending

to falsely describe or represent those goods as being 5-hour ENERGY® and

from offering such goods in commerce;

g.   buying, selling, transferring (other than to Living Essentials or law

enforcement officials), altering, or destroying any counterfeit products with the

5-hour ENERGY® Marks;

h.   diluting any of the 5-hour ENERGY® Marks; and

i.   assisting, aiding, or abetting any other person or entity in engaging in or

performing any of the activities referred to in subparagraphs (a) through (g)

above.

5.      Nothing contained in this Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the Elite Defendants.

6.      Any claims that the Elite Defendants may have against any other individual or entity, except for any claims that the Elite Defendants may have against the Dan-Dee Company, Inc., Fadi Attiq and Kevin Attiq, arising out of the Elite Defendants' purchase, distribution, advertising, offering for sale, and sale in commerce of the products containing the 5-hour ENERGY® Marks or the 5-hour ENERGY® Trade Dress are hereby assigned to Living Essentials.

7.      In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by the Elite Defendants, their agents, servants, employees, affiliates, subsidiaries, or any other person in active concert and participation with them, Living Essentials is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred.  A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.  Living Essentials and the Elite Defendants each agree that jurisdiction and venue for such an action exist in this District Court and the Elite Defendants waive any and all defenses based on personal jurisdiction and venue.

8.    This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of

Civil Procedure, and this action is hereby dismissed with prejudice against the Elite Defendants

only, without costs or attorneys' fees.

Dated: November 11 2013

INNOVATION VENTURES, LLC,
LIVING ESSENTIALS, LLC, and
INTERNATIONAL IP HOLDINGS, LLC

ELITE WHOLESALE, INC.; TONIC
WHOLESALE, INC.; DAPAN USA CORP.;
and SUNG KEUN LEE

By: _____

Geoffrey Potter, Esq.
Michelle W. Cohen, Esq.
Christos Yatrakis, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Innovation Ventures, LLC,*
*Living Essentials, LLC, and*
*International IP Holdings, LLC*

By: _____

Randolph Gaw
The Gaw Group
100 Pine Street, Suite 1250
San Francisco, CA 94111
*Attorney for the Elite Defendants*

**IT IS SO ORDERED.**

DATED: _____November 13, 2013._____

_____
HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE